MIGUEL GUARDIOLA PÉREZ y OTROS, demandantes y recurridos, *v.* JOSÉ L. MORÁN y/o HÉCTOR M. BONILLA, ETC., demandados y peticionarios.

Número: O-82-704          Resuelto: 29 de junio de 1983

*Miguel Pagán, Procurador General Interino,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo; *Ramón Crespo Nieves,* abogado de los recurridos.

PER CURIAM: Expedimos auto de *certiorari* para reconciliar dos decisiones del tribunal de instancia que interpretan de forma contraria la aplicabilidad del Art. 4(C)(a) de la Ley Núm. 13 de 2 de octubre de 1980 (29 L.P.R.A. sec.

478

814(C)(a)). ([1]) En *Miguel Guardiola Pérez* v. *José L. Morán,* Civil Núm. 81-3840, objeto del presente recurso, el tribunal de instancia, mediante sentencia de 31 de marzo de 1982, resolvió que la citada disposición enmendaba tácitamente la Ley Núm. 95 de 19 de junio de 1968 (3 L.P.R.A. sec. 765(d)). ([2]) Determinó que, a tenor con la misma, los veteranos empleados por el Gobierno insular tienen derecho a que se les acredite, para fines de retiro, el tiempo de servicio militar llevado a cabo en tiempo de paz, y no sólo aquellos servicios prestados durante un conflicto armado, como dispone la Ley Núm. 95. Al así hacerlo, rechazó los argumentos del Administrador de los Sistemas de Retiro de los Empleados del Gobierno, aquí recurrente, a los efectos de que la redacción de la Ley Núm. 13 no conllevaba tal enmienda, y ordenó la acreditación de estos servicios a los recurridos.

En el caso de *Robert W. Axtmayer Vaello* v. *Administrador de Sistemas de Retiro,* Civil Núm. 82-636, el tribunal, mediante sentencia dictada el 20 de mayo de 1982, denegó una solicitud de acreditación de servicios militares presta-

---

([1]) Dispone así:

"C. *Derechos Relacionados con Sistema de Retiro Gubernamental.*

"(a) Todo veterano que reingrese o que entre por primera vez al servicio del Estado Libre Asociado, sus agencias o instrumentalidades, corporaciones públicas o cuasi públicas, o de los gobiernos municipales, y que pase a ser miembro participante de cualquiera de los sistemas o fondos de retiro gubernamentales, tendrá derecho, en cualquier momento en que lo solicite, a que se le acredite a los fines de retiro, todo el tiempo que hubiere estado en servicio activo en las Fuerzas Armadas, siempre que pague al Sistema de Retiro las aportaciones que correspondan a base de los sueldos percibidos al ingresar en las Fuerzas Armadas y conforme a las disposiciones de la Ley de Retiro pertinente."

([2]) *"Servicios Acreditables*

"Será servicio acreditable también todo servicio prestado en las Fuerzas Armadas de los Estados Unidos de América durante la Primera o la Segunda Guerra Mundial o durante cualquier conflicto armado si el peticionario (a) ha prestado diez (10) o más años de servicio al Gobierno de Puerto Rico; (b) es participante del Sistema al momento de solicitar la acreditación, y (c) hubiere obtenido su licenciamiento incondicional y no por motivo deshonroso alguno, siempre que pague al Sistema las aportaciones que correspondan a base de los sueldos percibidos durante dichos servicios en las Fuerzas Armadas."

dos en tiempo de paz al resolver que, aunque la Ley Núm. 13 de 1980 efectivamente enmendaba la disposición anterior, esta enmienda era prospectiva, por lo que no eran acreditables los servicios prestados en tiempo de paz anteriores a su vigencia.

En vista de lo resuelto en el caso de Axtmayer, el Administrador del Fondo de Retiro oportunamente presentó una moción bajo la Regla 49.2 para que se dejara sin efecto la sentencia del caso de autos. El tribunal denegó esta solicitud. Expedimos el presente auto para aclarar la situación.

■ La Ley Núm. 13 de 2 de octubre de 1980, conocida como la "Carta de Derechos del Veterano Puertorriqueño", es una medida que perseguía agrupar y revisar los derechos de los veteranos puertorriqueños. Véase la Exposición de Motivos de dicha ley en Leyes de Puerto Rico, 1980, Ed. Equity, págs. 1032–1033. En particular, el Art. 4(C)(a) de dicha ley procuraba expandir los derechos de los veteranos al permitir que fuera acreditable para fines de retiro —previo pago de las aportaciones correspondientes— todo el tiempo de servicio activo en las Fuerzas Armadas y no solamente el servicio prestado durante tiempo de guerra. Ante la claridad del texto de dicha disposición es indiscutible que la misma representa una enmienda implícita a lo dispuesto en 3 L.P.R.A. sec. 765(d). La misma tiene el efecto de eliminar la distinción entre aquellos veteranos que sirvieron durante la Primera o Segunda Guerra Mundial u otro conflicto bélico y aquellos otros, como los que sirven actualmente, que prestan su servicio en tiempo de paz.

■ Ahora bien, es preciso delimitar el alcance de esta enmienda. La misma, aunque amplía los beneficios disponibles, nada establece sobre los otros requisitos exigidos por la ley. Sobre esto guarda silencio total el historial legislativo. Por lo tanto, debe interpretarse que fue la intención de la Asamblea Legislativa que subsistieran dichos requisitos antes de concederse los beneficios dispuestos en 3 L.P.R.A.

sec. 765(d), según ampliados por la Ley Núm. 13 de 2 de octubre de 1980.

■ Por otro lado, ante el silencio del historial legislativo, tampoco puede presumirse que dichos beneficios han de ser aplicados retroactivamente. El principio general de interpretación es que las leyes tienen carácter prospectivo, a menos que expresamente dispusieren lo contrario. Véanse: *López* v. *Muñoz, Gobernador*, 80 D.P.R. 4, 14 (1957); *Luce & Co.* v. *Junta Salario Mínimo*, 62 D.P.R. 452, 470 (1943); C. Sands, *Sutherland Statutory Construction*, 4ta ed., Chicago, Callaghan & Co., 1973, Sec. 41.04. A esos efectos, dispone el Art. 3 del Código Civil, 31 L.P.R.A. sec. 3:

Las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario.

En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior.

■ En la situación de autos no hemos encontrado ninguna circunstancia extraordinaria que justifique apartarnos de este principio. *Cf. Warner Lambert Co.* v. *Tribunal Superior*, 101 D.P.R. 378, 396–397 (1973). Por lo tanto, los servicios prestados en tiempo de paz anteriores a la vigencia de la Ley Núm. 13 de 2 de octubre de 1980 no pueden ser considerados acreditables para efectos de retiro.

Por los fundamentos expresados, *se revoca la resolución recurrida y se deja sin efecto la sentencia.*

El Juez Asociado Señor Negrón García concurre en el resultado.