Luis R. Díaz Velázquez et al., recurridos, *v.* Secretario de Hacienda, peticionario.

*Número:* O-82-765          *Resuelto:* 15 de diciembre de 1983

*Miguel Pagán, Procurador General Interino,* y *Doris M. Santiago,* abogada del Departamento de Justicia, abogados de El Pueblo, ˇpeticionario; *Vicente Ortiz Colón,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

■ Históricamente, y por razones obvias, los estatutos aprobados por nuestra Asamblea Legislativa referentes a la

materia de "retribución uniforme" siempre se han estructurado con la intención de que, dentro de lo posible, guarden armonía con la ley de personal vigente en un momento dado.

La antigua Ley de Personal([1]) no contenía disposición alguna relativa a la concesión de aumentos de sueldo automáticos para aquellos empleados que no hubieren recibido aumento alguno durante un período de tiempo determinado. La ya derogada Ley de Retribución Uniforme de 1974,([2]) tampoco contenía disposición alguna referente a los antes mencionados aumentos.

Es en el 1975 que, por primera vez, nuestro legislador entendió procedente aprobar legislación respecto a este punto en específico al aprobar la vigente Ley de Personal del Servicio Público de Puerto Rico, Ley Núm. 5 del 14 de octubre de 1975. Mediante la Sec. 4.4(1)(e) de dicha ley,([3]) se dispuso que se "aprobará *reglamentación* para que los empleados que permanecen por largo tiempo en el mismo nivel de clasificación reciban aumentos de sueldo periódicamente". (Énfasis suplido.)([4])

En cumplimiento del mandato legislativo, la Oficina Central de Administración de Personal promulgó el *Reglamento de Personal: Áreas Esenciales al Principio de Méritos*. Dicho cuerpo de normas, según lo determináramos en *Reyes Coreano* v. *Director Ejecutivo*, 110 D.P.R. 40, 52–53 (1980), entró en vigor el 30 de noviembre de 1976. La Sec. 8.4 del citado reglamento([5]) dispone:

---

([1]) Ley Núm. 345 del 12 de mayo de 1947.

([2]) Ley Núm. 111, Parte 1, del 8 de julio de 1974.

([3]) Originalmente, la citada Sec. 4.4 se encontraba ubicada en las disposiciones de la ley relativas a traslados, ascensos, etc. Mediante la Ley Núm. 1 de 17 de julio de 1979, Art. 14, se reubicó esta disposición en las secciones correspondientes a los planes de retribución.

([4]) 3 L.P.R.A. sec. 1354, según enmendada.

([5]) No existe correlativo en Reglas y Reglamentos.

Los planes de retribución y de aumentos de sueldos proveerán lo necesario para atender al reconocimiento de los méritos de los empleados, independientemente de los lugares en que trabajen, pero teniendo en cuenta limitaciones en las oportunidades de adiestramiento y ascenso, y de cualesquiera otras condiciones de empleo que sean limitativas a las oportunidades de progreso de los empleados. Ello deberá conducir a una distribución justa y equitativa de los aumentos de sueldos. Si, a pesar de esta norma, hubiera empleados que no reciben aumentos de sueldo ni ascensos en períodos de tiempo considerables, los planes de retribución proveerán aumentos periódicos a tales empleados, en armonía con los recursos presupuestarios existentes. Los reglamentos dispondrán dichos aumentos *en períodos no menores de cinco (5) años, que se contarán a partir de la fecha de vigencia de este Reglamento.* (Énfasis suplido.)

Nuestra Asamblea Legislativa —entendiendo adicionalmente que era *"imperativo aprobar* una nueva Ley de Retribución que contemple y armonice con las nuevas estructuras, creadas en virtud de la Ley Núm. 5 de 14 de octubre de 1975 [la vigente Ley de Personal del Servicio Público de Puerto Rico], *y que aplique criterios uniformes de retribución a través de todo el nuevo Sistema de Personal"*[6] (énfasis suplido)— aprobó en el año de 1979 la vigente Ley de Retribución Uniforme, Ley Núm. 89 del 12 de julio de 1979.

En el Art. 7(2) de la citada Ley Núm. 89 [7] se dispuso:

*Aumentos de sueldo por años de servicio*

*A partir del primero de julio de 1979,* aquellos empleados de carrera que ocupen puestos regulares en agencias de la Administración Central y en agencias consideradas Administradores Individuales, *que no hayan recibido* ninguna clase de aumentos de sueldo excepto los otorgados por disposiciones de ley, durante un período ininterrumpido de cinco años de servicios, *recibirán* un aumento de sueldo equivalente a un tipo o

---

[6] Véase: Exposición de Motivos, Ley de Personal de 1975.

[7] 3 L.P.R.A. sec. 760f(2).

paso de la escala correspondiente. En el caso de los municipios, éstos procederán conforme si lo permite su capacidad económica. Dicho aumento de sueldo se podrá conceder en forma consecutiva hasta que el empleado. alcance el tipo máximo de la escala asignada a su puesto. Cualquier autoridad nominadora podrá denegar el aludido aumento de sueldo a cualquier empleado si a su juicio los servicios del empleado durante el período de cinco (5) años correspondientes no hubiesen sido satisfactorios. En este caso la autoridad nominadora habrá de informarle por escrito al empleado las razones por las cuales no se le concede el referido aumento y además su derecho de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal. (Énfasis suplido.)

Con fecha de 12 de septiembre de 1979, un grupo de empleados del Departamento de Hacienda de Puerto Rico, en la alegación de que a esa fecha llevaban un exceso de cinco años sin recibir aumento de sueldo y que en virtud de las disposiciones del antes transcrito Art. 7(2) de la citada Ley Núm. 89 tenían derecho a recibirlo a partir del 1ro de julio de 1979, solicitaron del Secretario del referido departamento que les concediera un aumento de sueldo "equivalente a un tipo o paso de la escala correspondiente".

El Secretario de Hacienda denegó la solicitud por el fundamento de que la disposición de ley aplicable lo era la antes citada Sec. 8.4 del Reglamento de Personal.(8) Alegó el Secretario que, en su consecuencia, la solicitud resultaba prematura por cuanto la fecha a partir de la cual los empleados tendrían derecho al aumento lo era el 1ro de diciembre de 1981; ello debido a que el período de cinco años de que habla la citada disposición reglamentaria comienza a contarse desde la fecha de vigencia del Reglamento de Personal, o sea, desde el 30 de noviembre de 1976.

No conformes, los empleados apelaron ante la Junta de Apelaciones del Sistema de Personal, foro que desestimó el

---

(8) Dicho Departamento no promulgó reglamento propio alguno. Véase, Sec. 8.4, *ante.*

recurso al estimar correcta la posición asumida por el referido Secretario. El honorable Tribunal Superior de Puerto Rico, Sala de San Juan, determinó, al revocar la decisión emitida por la Junta de Personal, que le asistía la razón a los empleados. Expedimos auto de *certiorari* a solicitud del Secretario de Hacienda.

## I

■ Dispone el Art. 18 de nuestro Código Civil([9]) que las "leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro".([10])

Aparte del hecho significativo de que estamos ante dos disposiciones legales de distinto rango, hecho que discutiremos más adelante, es de rigor señalar que las disposiciones del antes transcrito Art. 18, aun cuando son una guía valiosa, no son suficientes, por sí solas, para la correcta solución del presente caso.

■ Ello es así por cuanto, a pesar de que podemos concluir que, desde el punto de vista de la finalidad de los mismos, hay compatibilidad entre las dos disposiciones legales en controversia,([11]) existe un irreconciliable conflicto en lo referente a las fechas en que se entiende materializado el derecho de los empleados a recibir el aumento.

La terminología de la citada Sec. 8.4 del Reglamento de Personal es extremadamente clara en lo relativo a la fecha

---

([9]) 31 L.P.R.A. sec. 18.

([10]) Véase, además: J. G. Sutherland, *Statutes and Statutory Construction*, Sec. 5201, *In Pari Materia and Adopted Statutes*, 3ra ed., Chicago, Callaghan and Company, 1943, Vol. 2, pág. 531.

([11]) Tanto el citado Art. 7(2) de la Ley Núm. 89 como la citada Sec. 8.4 del Reglamento tienen el propósito último y común de que se concedan aumentos de sueldo a aquellos empleados públicos que hayan prestado servicios sin haber recibido aumentos durante un período ininterrumpido de por lo menos cinco años.

a partir de la cual procede la concesión del aumento: se expresa que los "reglamentos dispondrán dichos aumentos en períodos no menores de cinco (5) años, *que se contarán a partir de la fecha de vigencia de este Reglamento*" (énfasis suplido), que, como anteriormente expresáramos, es la de 30 de noviembre de 1976, *Reyes Coreano* v. *Director Ejecutivo*, ante, por lo que el derecho de los empleados a recibir los aumentos, según esta disposición reglamentaria, comienza a partir del 1ro de diciembre de 1981.

A nuestro juicio, la fraseología del Art. 7(2) de la citada Ley Núm. 89 sobre Retribución Uniforme, en relación con este punto, tampoco deja lugar a dudas: entendemos que establece claramente que el derecho de los empleados públicos a recibir el aumento, se materializa a partir del 1ro de julio de 1979.

Obsérvese que dicho artículo de ley dispone, en lo pertinente, que *a partir de la fecha arriba mencionada* "aquellos empleados de carrera . . . *que no hayan recibido* ninguna clase de aumentos de sueldo . . . durante un período ininterrumpido de cinco años . . . *recibirán* un aumento de sueldo". (Énfasis suplido.)

Recordemos que el texto claro de una ley es la expresión por excelencia de la intención legislativa, *Rodríguez Rodríguez* v. *Gobernador*, 91 D.P.R. 101 (1964). La frase "que no hayan recibido" —pretérito perfecto de subjuntivo— expresa una acción ocurrida con anterioridad al momento en el que se habla.[12] A nuestro entender, ello significa que la intención del señor legislador fue la de que la citada disposición legal cobijara o se aplicara a todo aquel empleado cubierto por las disposiciones de esta ley, que al 1ro de julio de 1979 ya hubiere "acumulado" o ya contare a su haber con un período de cinco años consecutivos en que no hubiere recibido aumento alguno de sueldo, que no fuere el otorgado por las disposiciones de ley.

---

[12] Véase, María Moliner, *Diccionario de uso del español*, Madrid, Ed. Gredos, 1982, Vol. 2, págs. 1464–1493.

872

■ La parte recurrente trae a nuestra atención las disposiciones del Art. 3 del Código Civil([13]) como impedimento para que se le dé efecto retroactivo a las disposiciones del citado Art. 7(2). Alega que no habiendo el legislador dispuesto *expresamente* que el mismo tendría efecto retroactivo, estamos impedidos de así hacerlo. No tiene razón. En *Warner Lambert Co.* v. *Tribunal Superior*, 101 D.P.R. 378, 384–386 (1973), expresamos:

> Dicho artículo [Art. 3] sólo tiene el alcance de una regla general de interpretación de estatutos. No es un principio rígido de aplicación absoluta. . . . A juicio de Manresa el artículo en sí es superfluo, pués, ". . . con la simple utilización de las reglas generales de interpretación de la ley se llegaría siempre a la misma conclusión aunque el artículo del Código no existiera." . . . Scaevola adopta también una interpretación flexible afirmando con Laurent que "el legislador no debe estar encadenado por un principio absoluto, que coartaría su libertad de acción en perjuicio de la sociedad y de los individuos."
>
> .    .    .    .    .    .    .    .
>
> ". . . Esta regla de interpretación no es una camisa de fuerza. *Cuando la Legislatura no ha expresado su intención en forma expresa dicha regla no debe ser seguida ciegamente haciendo caso omiso de los factores que puedan dar luz sobre la intención legislativa.*" (Énfasis suplido, citas omitidas.)

■ Un examen del "historial" de toda la legislación aquí en controversia precisamente demuestra que la intención del legislador al aprobar el citado Art. 7(2) de la Ley sobre Retribución Uniforme de 1979 fue la de que todos los empleados públicos cubiertos por dicha ley en Puerto Rico tuvieran el derecho a recibir el aumento allí contemplado a partir del 1ro de julio de 1979, en lugar de a partir del 1ro de diciembre de 1981.([14])

Recordemos que en la vigente Ley de Personal de 1975 el legislador dispuso, mediante la antes citada Sec. 4.4(1)(e),

---

([13]) "Las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario." 31 L.P.R.A. sec. 3.

([14]) *Cf. Guardiola Pérez* v. *Morán*, 114 D.P.R. 477 (1983) (*per curiam*).

que se "aprobará reglamentación para que los empleados que permanecen por largo tiempo en el mismo nivel de clasificación reciban aumentos de sueldo periódicamente".

Como expresáramos anteriormente, la Oficina Central de Administración de Personal promulgó, entre otras, la citada Sec. 8.4 mediante la cual, *en términos generales*, autorizó a las distintas "dependencias" del gobierno a aprobar *sus propios* reglamentos con la directriz general de que en los mismos se dispondrá para el aumento exigido por el legislador "en períodos *no menores* de cinco (5) años". (Énfasis suplido.)

Ello, obviamente, no fue del agrado del señor legislador. Éste, mediante la Ley de 1979, determinó que se debían aplicar "criteros *uniformes* de retribución a través de *todo* el nuevo Sistema de Personal". (Énfasis suplido.) El resultado de su acción fue el tantas veces citado Art. 7(2) de la Ley de Retribución Uniforme.[15] Somos del criterio que la "interpretación retroactiva" de los términos de dicho artículo de ley resulta en una interpretación razonable y mucho más consistente con el obvio propósito legislativo. *Esso Standard Oil* v. *A.P.P.R.*, 95 D.P.R. 772 (1968).[16]

---

[15] Obsérvese que mediante el referido artículo de ley el legislador no sólo estableció la fecha del 1ro de julio de 1979 como punto de partida del derecho de los empleados al aumento, sino que eliminó toda posibilidad de que, por reglamentación al efecto, las distintas dependencias del Gobierno de Puerto Rico establecieran diferentes períodos de tiempo como condición previa para recibir dicho aumento.

[16] Los dos restantes planteamientos de la parte recurrente para negar la aplicación retroactiva del citado Art. 7(2), son inmeritorios. Alega en primer término, que al así aplicarse dicho artículo de ley se va más allá de la fecha de vigencia de la Ley de Personal de 1975 y, en segundo lugar, que los "empleados de carrera" a que se refiere el Art. 7(2) no existían antes de la referida Ley de Personal de 1975.

En cuanto al primero de ellos, basta con decir *que el legislador* —quien, como expresáramos anteriormente en la exposición de motivos de la Ley de Retribución Uniforme de 1979, hizo expresa referencia a la Ley de Personal de 1975— *así lo quiso.*

En cuanto al segundo argumento, recuérdese que los llamados "empleados de carrera" bajo la Ley de Personal de 1975 son "los empleados en el servicio por oposición" de la derogada Ley de Personal de 1947.

En resumen, ya que existe un insuperable conflicto entre las dos citadas disposiciones, es menester que determinemos cuál de ellas es la que ejerce el control respecto al punto en controversia.

## II

Resolvemos que la disposición de ley que debe prevalecer lo es el Art. 7(2) de la citada Ley Núm. 89 sobre Retribución Uniforme de 1979. En consecuencia, los empleados cubiertos tienen derecho al aumento de sueldo a partir del 1ro de julio de 1979.

Ello es así por cuanto aun entre estatutos de igual rango, —cual no es el caso presente— "si existe un conflicto irreconciliable entre una nueva disposición y estatutos previos referentes a la misma materia, la nueva disposición será la que controle o prevalezca, ya que constituye la última expresión de la legislatura". J. G. Sutherland, *Statutes and Statutory Construction*, 3ra ed., Chicago, Callaghan and Company, 1943, Vol. 2, Sec. 5201, pág. 532. (Traducción nuestra.)[17] Con más razón cuando, como en el presente caso, el conflicto es entre una disposición aprobada por la Asamblea Legislativa de Puerto Rico, como lo es el antes citado Art. 7(2) de la Ley sobre Retribución Uniforme, y una disposición reglamentaria aprobada por un organismo administrativo, como lo es la citada Sec. 8.4 del Reglamento de Personal. No hay duda de que la disposición reglamentaria tiene que ceder ante el mandato legislativo. Véanse, en general: *A.P.I.A.U., Inc.* v. *Srio. de Hacienda*, 100 D.P.R. 173, 179 (1971); *Rosario Mercado* v. *San Juan Racing Assn.*, 94 D.P.R. 634, 642 (1967).

---

[17] "[I]f there is an irreconciliable conflict between the new provision and the prior statutes relating to the same subject matter, the former will control as it is the later expression of the legislature."

## III

Por los fundamentos antes expresados, *se dictará sentencia confirmatoria de la dictada por el honorable Tribunal Superior de Puerto Rico, Sala de San Juan, en el caso Civil Núm. 80-4048.*