

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis Antonio Rullán Rivera<br><br>        Peticionario<br><br>              v.<br><br>Autoridad de Energía Eléctrica<br><br>        Recurrido | Certiorari<br><br>2010 TSPR 109<br><br>179 DPR \_\_\_\_ |
| Felix Parrilla Batista<br><br>        Recurrido<br><br>              v.<br><br>Autoridad de Energía Eléctrica<br>De Puerto Rico y otros | |


Número del Caso: CC-2008-952

                AC-2008-88

Fecha: 30 de junio de 2010

**CC-2008-952**
Tribunal de Apelaciones:

        Región Judicial de San Juan Panel III

Juez Ponente:        Hon. Nestor S. Aponte Hernández


Abogado de la Parte Peticionaria:

                Lcdo. Joseph Deliz Hernández

Abogado de la Parte Recurrida:

                Lcdo. Luis A. Defilló Rosas

Oficina del Procurador del Veterano:

                Lcdo. Joel I. Castro Pérez

Materia: Revisión Judicial de Decisión Administrativa Procedente
        de la Autoridad de Energía Eléctrica

**AC-2008-88**

Tribunal de Apelaciones:

                Región Judicial de San Juan Panel II

Juez Ponente:      Hon. Carlos A. Cabán García

Abogados de la Parte Apelante:

                Lcda. Lilliam E. Mendoza Toro
                Lcdo. Luis A. Defilló Rosas
                Lcda. Verónica Cordero Candelaria

Abogado de la Parte Apelada:

                Lcdo. Joseph Deliz Hernández

Oficina del Procurador del Veterano:

                Lcdo. Joel I. Castro Pérez

Materia: Interdicto

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis Antonio Rullán Rivera     *
                         *
     Peticionario           *
                         *
         v.            *     CC-2008-952
                         *
Autoridad de Energía Eléctrica     *
                         *
     Recurrido              *
                         *
******************************** *     Consolidado
Félix Parrilla Batista         *
                         *
     Recurrido             *
                         *
         v.            *     AC-2008-88
                         *
Autoridad de Energía Eléctrica     *
de Puerto Rico, Edwin Rivera     *
Serrano, Sistema de Retiro de     *
los Empleados de la Autoridad     *
de Energía Eléctrica de Puerto     *
Rico, Otoniel Cruz Carrillo,     *
Fulano de Tal                *
                         *
     Peticionarios         *
********************************

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 30 de junio de 2010.

En esta ocasión nos corresponde determinar si la Ley Núm. 203 de 14 de diciembre de 2007, 29 L.P.R.A. secs. 735-743, conocida como la Carta de Derechos del Veterano Puertorriqueño del Siglo XXI (Ley Núm. 203), es de aplicación retroactiva. Específicamente, debemos resolver si las disposiciones de esta ley relacionadas con la acreditación de años de servicio en las fuerzas armadas para los sistemas de retiro son aplicables a los empleados que ingresaron al servicio público y solicitaron la acreditación con anterioridad a la vigencia de dicho

estatuto. Tras examinar cuidadosamente el derecho aplicable, así como los expedientes ante nuestra consideración, concluimos que la Ley Núm. 203 es de aplicación prospectiva.

I.

Los recursos de epígrafe versan sobre la misma controversia de derecho. Por un lado, en el recurso CC-2008-952 el Sr. Luis Rullán Rivera nos solicita que revoquemos una sentencia emitida por el Tribunal de Apelaciones que determinó que la Ley Núm. 203 es de aplicación prospectiva. De otra parte, en el recurso AC-2008-88 la Autoridad de Energía Eléctrica (A.E.E.) nos solicita la revocación del dictamen emitido por el foro apelativo intermedio en el cual un panel distinto al que atendió el caso del señor Rullán Rivera resolvió que, por ser más favorable al veterano que la ley anterior, la Ley Núm. 203 tiene efectos retroactivos.

A pesar de que ambos recursos presentan la misma cuestión de derecho y se sustentan en hechos y alegaciones similares, el cauce procesal de cada caso es distinto, por lo que procederemos a detallarlos por separado.

A.

El señor Rullán Rivera prestó servicio militar activo en la Marina de los Estados Unidos durante cuatro años en tiempos de paz, desde septiembre de 1978 hasta septiembre de 1982. Luego de concluir dicho servicio, comenzó a trabajar en la A.E.E.

En julio de 2003 el señor Rullán Rivera solicitó a dicha corporación pública que le acreditara los cuatro años que sirvió en la Marina estadounidense como años de servicio en el Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica.[1] En ese momento, la A.E.E. le notificó las cantidades a ser satisfechas para lograr la acreditación de los cuatro años solicitados.[2] No obstante, el señor Rullán Rivera no pudo realizar el pago que se le requirió correspondiente a las aportaciones e intereses acumulados, por lo que desistió de su solicitud. Más adelante, en marzo de 2007 volvió a solicitar la acreditación de sus cuatro años de servicio. En esa ocasión, la A.E.E. le indicó que, según la ley vigente, sólo tenía derecho a que se le acreditaran dos años de servicio militar en tiempos de paz y señaló la cantidad a ser pagada por aportaciones e intereses a base de esos dos años.

Posteriormente, en abril de 2007 el señor Rullán Rivera realizó el pago correspondiente a la acreditación de dos

---

[1] El Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica se creó mediante la Resolución Núm. 200 de 25 de junio de 1945 de la Junta de Gobierno de la Autoridad de Fuentes Fluviales, predecesora de la A.E.E., y se rige por las disposiciones del Reglamento que a esos efectos adopte su Junta de Síndicos. Este sistema de retiro es independiente del Sistema de Retiro de los Empleados del Gobierno, creado por la Ley Núm. 447 de 15 de mayo de 1951, 3 L.P.R.A. sec. 761 *et seq*, según enmendada, por lo que dicha ley no le aplica.

[2] Para que se acrediten años de servicio militar en un sistema de retiro, el veterano deberá pagar aportaciones e intereses determinados de acuerdo con su sueldo. Véanse 29 L.P.R.A. sec. 737 (e)(1)(A) y, anteriormente, 29 L.P.R.A. sec. 814 C(a); 3 L.P.R.A. sec. 765a (a).

años de servicio, pero en noviembre del mismo año se comunicó nuevamente con la A.E.E. para que le acreditara los dos años restantes. Pendiente esta solicitud ante el Administrador del Sistema de Retiro, el 14 de diciembre de 2007 el Gobernador de Puerto Rico firmó la Ley Núm. 203.

En respuesta a la petición del señor Rullán Rivera, en febrero de 2008 la A.E.E. le informó que la ley vigente al momento de su solicitud era la Ley Núm. 13 de 2 de octubre de 1980, 29 L.P.R.A. secs. 811-822, conocida como la Carta de Derechos del Veterano Puertorriqueño (Ley Núm. 13), la cual sólo contemplaba la acreditación de dos años de servicio militar en tiempos de paz. Por lo tanto, determinó que el señor Rullán Rivera no tenía derecho a la acreditación de más de dos años.

Insatisfecho con dicha determinación, el señor Rullán Rivera presentó una solicitud de reconsideración ante la Junta de Síndicos del Sistema de Retiro de los Empleados de la A.E.E. Expuso en su escrito que la aprobación de la Ley Núm. 203 en diciembre de 2007 había aumentado a cinco los años de servicio en tiempos de paz que son acreditables para retiro, por lo que solicitó que se le acreditaran los cuatro años que había servido. En junio de 2008 la Junta de Síndicos denegó su moción de reconsideración y le indicó que la Ley Núm. 203, *supra*, había sido aprobada en diciembre de 2007, por lo que la ley aplicable a su solicitud era la Ley Núm. 13. En vista de ello, sostuvo la determinación de acreditarle sólo dos años de servicio.

Ante el proceder de la Junta de Síndicos, el señor Rullán Rivera presentó un recurso de revisión administrativa ante el Tribunal de Apelaciones y alegó que la Ley Núm. 203 había derogado la Ley Núm. 13, por lo que las disposiciones de esta última eran las aplicables a la acreditación de años de servicio militar en tiempos de paz. El foro apelativo intermedio confirmó la decisión de la Junta de Síndicos y determinó que la Ley Núm. 203 no aplicaba retroactivamente, por lo que el señor Rullán Rivera sólo tenía derecho a la acreditación de dos años, según disponía la Ley Núm. 13.

Inconforme con el dictamen emitido por el Tribunal de Apelaciones, el señor Rullán Rivera presentó una petición de *certiorari* ante este Tribunal y alegó que la Ley Núm. 203 tenía efectos retroactivos, por lo que solicitó que revocáramos la sentencia del foro apelativo. Examinado su recurso, acordamos expedir el auto de *certiorari*.

B.

De otra parte, el Sr. Félix Parrilla Batista sirvió en las Fuerzas Armadas de Estados Unidos durante cuatro años en tiempos de paz, de 1980 a 1984. Posteriormente, comenzó a trabajar en la A.E.E. y en marzo de 2004 presentó una solicitud de acreditación de años de servicio para su retiro, la cual fue aprobada por dicha entidad. Al informársele las cantidades a ser satisfechas por concepto de aportaciones e intereses, acordó un plan de pago con la A.E.E. mediante el cual se realizarían descuentos a su salario para abonar a la cantidad adeudada por la

acreditación. No obstante, luego de realizar sólo los primeros dos pagos del plan, el señor Parrilla Batista solicitó que se suspendieran los descuentos para atender una situación económica personal. La A.E.E. accedió a su petición y suspendió los descuentos. Posteriormente, en mayo de 2006 el señor Parrilla Batista solicitó nuevamente la acreditación de los cuatro años de servicio militar y el reinicio del plan de pago a través de los descuentos a su salario. Sin embargo, en junio de 2006 el Sistema de Retiro de la A.E.E. le notificó al señor Parrilla Batista que sólo le acreditaría dos años de servicio militar y le informó la cantidad que debería pagar para ello.

Inconforme con tal proceder, en agosto de 2006 el señor Parrilla Batista presentó una demanda de *injunction* y daños ante el Tribunal de Primera Instancia. En ésta, sostuvo que la A.E.E. debía acreditarle el tiempo total de cuatro años de servicio militar y le solicitó al foro de instancia que emitiera un interdicto preliminar y permanente para ordenarle a la A.E.E. cumplir con su determinación original de acreditarle cuatro años. Además, reclamó daños y angustias mentales.

Luego de varios procedimientos ante el Tribunal de Primera Instancia, las partes estipularon los hechos y acordaron que se trataba de una controversia de estricto derecho sobre el número de años de servicio militar acreditables para el sistema de retiro. En vista de ello, el foro primario dictó una sentencia en la que determinó que la Ley Núm. 203 disponía para la acreditación de hasta

cinco años de servicio militar en tiempos de paz, por lo que concedió la petición del señor Parrilla Batista y le ordenó a la A.E.E. acreditarle los cuatro años solicitados. No obstante, ante una oportuna moción de reconsideración presentada por la A.E.E., el foro de instancia modificó su sentencia original y dispuso que, al no existir cláusula de retroactividad en la Ley Núm. 203, las leyes aplicables a la controversia eran la Ley Núm. 13 y la ley federal Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. secs. 4301-4335 (U.S.E.R.R.A.). Según el análisis del foro de instancia, la Ley Núm. 13 proveía para la acreditación de dos años de servicio militar en tiempos de paz, mientras que la U.S.E.R.R.A. disponía que se podrían acreditar hasta cinco años. Por ello, en vista de que la ley federal era más favorable al veterano, el tribunal reiteró su determinación de ordenar a la A.E.E. a acreditarle los cuatro años de servicio al señor Parrilla Batista, aunque por fundamentos distintos a los esbozados originalmente.

Insatisfecha con tal determinación, la A.E.E. acudió al Tribunal de Apelaciones, el cual confirmó el dictamen del Tribunal de Primera Instancia. El foro apelativo intermedio dispuso que el propósito principal de la Ley Núm. 203 había sido ampliar los beneficios existentes para los veteranos, por lo que debía interpretarse dicha ley de la forma más liberal para validar el propósito del legislador. Por ello, sostuvo que el beneficio de

acreditación de cinco años contenido en la Ley Núm. 203 debía concedérsele al señor Parrilla Batista.

Ante la decisión adversa del Tribunal de Apelaciones, la A.E.E. presentó un recurso de apelación ante este Tribunal y solicitó que revocáramos la sentencia del foro apelativo por entender que la Ley Núm. 203 no tiene efectos retroactivos. Examinada su apelación, la acogimos como una petición de *certiorari* por ser éste el recurso apropiado, expedimos el auto y ordenamos que se consolidara con el recurso presentado por el señor Rullán Rivera.

Con el beneficio de las comparecencias de las partes, así como un escrito de *amicus curiae* presentado por la Oficina del Procurador del Veterano, procedemos a resolver la controversia ante nuestra consideración.

II.

A.

La Ley Núm. 13 se aprobó con el propósito de garantizar ciertos derechos y beneficios a aquellos puertorriqueños que han prestado servicio militar en las fuerzas armadas estadounidenses y agrupar en una sola pieza legislativa las disposiciones aplicables a los veteranos que se encontraban dispersas en distintas leyes. Exposición de Motivos, Ley Núm. 13, 1980 Leyes de Puerto Rico 1032-1033.[3] Entre los

---

[3] La Ley Núm. 13 derogó la primera Carta de Derechos del Veterano Puertorriqueño, Ley Núm. 469 de 15 de mayo de 1947, 29 L.P.R.A. secs. 761 a 775. A su vez, la Ley Núm. 13 sufrió varias enmiendas luego de su aprobación en 1980, entre las que se destacan aquellas incorporadas a raíz de la aprobación de la Ley Núm. 57 de 27 de junio de 1987, 29 L.P.R.A. secs. 823 a 823k, conocida como la Ley de la Oficina del Procurador del Veterano.

derechos concedidos por dicha ley se encuentran algunos relacionados con el trabajo, la educación, los sistemas de retiro, la adquisición de propiedades y las obligaciones contributivas. 29 L.P.R.A. sec. 814. En cuanto a los derechos relacionados con los sistemas de retiro gubernamentales, el Art. 4 C(a) de la Ley Núm. 13 dispone que:

> Todo veterano que **reingrese o que entre por primera vez** al servicio del Estado Libre Asociado, sus agencias o instrumentalidades, corporaciones públicas o cuasi públicas o de los gobiernos municipales y que pase a ser miembro participante de cualquiera de los sistemas o fondos de retiro gubernamentales, tendrá derecho, en cualquier momento en que lo solicite, a que se le acredite a los fines de retiro, todo el tiempo que hubiere estado en servicio activo en las fuerzas armadas …, incluyendo el tiempo que hubiere estado en servicio activo en las fuerzas armadas con anterioridad a la vigencia de esta ley. … **Los servicios militares prestados en cualquier momento, en tiempo de paz, se limitarán a dos (2) años**… (Énfasis suplido). 29 L.P.R.A. sec. 814.

Según se desprende del citado artículo, una vez un veterano ingrese o reingrese a un empleo en el Gobierno o una de las entidades que la ley dispone y, a su vez, pase a formar parte de uno de los sistemas de retiro, podrá solicitar que se le acrediten hasta dos años de servicio militar prestado en tiempos de paz. Dicho artículo también expone la forma en que se realizarán las aportaciones correspondientes a los años solicitados. *Íd.*

Durante su vigencia, la Ley Núm. 13 fue enmendada en varias ocasiones hasta ser derogada y sustituida por una nueva carta de derechos, la Ley Núm. 203, en diciembre de

2007.[4]   Al aprobar esta última, la Asamblea Legislativa quiso atemperar las disposiciones de la Ley Núm. 13 a los cambios sociales ocurridos con el pasar de los años y, una vez más, recoger en una sola medida legislativa todos los beneficios que se encontraran dispersos en distintas leyes. Exposición de Motivos, Ley Núm. 203, 2007 Leyes de Puerto Rico ___.

En lo pertinente a la controversia ante nuestra consideración, el citado Art. 4 C(a) de la Ley Núm. 13, *supra*, correspondiente a los derechos relacionados con los sistemas de retiro gubernamentales, pasó a ser el Art. 4(e) de la Ley Núm. 203, el cual dispone lo siguiente:

> (1) Todo veterano **que entre por primera vez** al servicio del Estado Libre Asociado de Puerto Rico, sus agencias o instrumentalidades, corporaciones públicas o cuasi públicas o de los gobiernos municipales y que pase a ser miembro participante de cualquiera de los sistemas o fondos de retiro gubernamentales, tendrá derecho, mientras mantenga su estatus de participante en el mismo, en cualquier momento en que lo solicite, a que se le acredite a los fines de retiro, todo el tiempo que hubiere estado en servicio activo en las fuerzas armadas …, incluyendo el tiempo que hubiere estado en servicio activo en las fuerzas armadas con anterioridad a la vigencia de esta Ley.

> (A)… **Los servicios militares prestados en cualquier momento, en tiempo de paz, se limitarán a cinco (5) años**… (Énfasis suplido). 29 L.P.R.A. sec. 737.

A pesar de que la Ley Núm. 203 mantuvo esta disposición esencialmente igual al antiguo Art. 4 C(a) de la Ley Núm. 13, *supra*, el nuevo artículo se modificó para

---

[4] El Art. 11 de la Ley Núm. 203 derogó expresamente la Ley Núm. 13. 2007 Leyes de Puerto Rico ___.

especificar que el derecho a solicitar la acreditación de servicio militar aplica a los veteranos que ingresen por primera vez al servicio público y que la solicitud se deberá hacer mientras el veterano sea participante del sistema de retiro. *Íd*., inciso (1). Además, se aumentó el número de años acreditables por servicio militar en tiempos de paz de 2 a 5 años. *Íd*, inciso (1)(A). Asimismo, se añadieron nuevas disposiciones que estaban ausentes de la Ley Núm. 13 relacionadas con las aportaciones patronales e individuales –tanto para empleados del Gobierno como de la empresa privada– a realizarse cuando un empleado se reintegra a su empleo luego de ser llamado al servicio activo. *Íd*., incisos (4) y (5).

A tono con el propósito de las Leyes Núm. 13 y 203 de proveer derechos y beneficios a los veteranos, al aprobar la Ley Núm. 203 el legislador dejó intacta la cláusula de interpretación que establece que "[e]sta ley deberá interpretarse en la forma más liberal y beneficiosa para el veterano. En caso de conflicto entre las disposiciones de esta ley y las disposiciones de cualquier otra ley, prevalecerá aquella que resultare ser más favorable para el veterano". Art. 10 de la Ley Núm. 203, 29 L.P.R.A. sec. 743; Art. 13 de la Ley Núm. 13 (reenumerado como Art. 10), 1980 Leyes de Puerto Rico 1046.

Por último, según el Art. 13 de la Ley Núm. 203, el estatuto comenzará a regir inmediatamente después de su aprobación, excepto en cuanto a los reglamentos que al amparo de ella deban formularse, los cuales se deberán

adoptar y aprobar dentro de los noventa días siguientes a la aprobación de la ley. 2007 Leyes de Puerto Rico ___.

B.

Como es sabido, en materia de interpretación de las leyes, el Art. 14 del Código Civil establece que "[c]uando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". 31 L.P.R.A. sec. 14. Así, pues, si el lenguaje de la ley no crea dudas y es claro en cuanto a su propósito, su propio texto es la mejor expresión de la intención legislativa. Garriga Villanueva v. Mun. San Juan, res. el 17 de junio de 2009, 2009 T.S.P.R. 103; Depto. de Estado v. U.G.T, res. el 13 de febrero de 2008, 2008 T.S.P.R. 23; Irizarry v. J & J Cons. Prods. Co., Inc., 150 D.P.R. 155, 164 (2000).

De otra parte, el Art. 3 del Código Civil establece que "las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario". 31 L.P.R.A. sec. 3. En este sentido, hemos expresado que la retroactividad de una norma, por ser una circunstancia excepcional, tiene que haberse establecido claramente por el legislador. Vargas v. Retiro, 159 D.P.R. 248, 269 (2003); Nieves Cruz v. U.P.R., 151 D.P.R. 150, 158 (2000). No obstante, este Tribunal ha reconocido —a modo de excepción— la aplicación retroactiva de una norma aun cuando el legislador no lo haya dispuesto expresamente, si dicha interpretación es la más compatible con el propósito legislativo. Consejo Titulares v. Williams Hospitality, 168 D.P.R. 101, 108 (2006); Vélez v. Srio. de

<u>Justicia</u>, 115 D.P.R. 533, 541-542. Véase, además, R.E. Bernier y J.A. Cuevas Segarra, <u>Aprobación e Interpretación de las Leyes en Puerto Rico</u>, 2da ed. Rev., San Juan, Pubs. J.T.S., 1987, Vol. 1, 391.

Con estos preceptos en mente, pasemos a analizar concretamente la controversia ante nuestra consideración.

III.

A.

El señor Rullán Rivera y el señor Parrilla Batista alegan, en síntesis, que la Ley Núm. 203 debe aplicar retroactivamente en cuanto al número de años de servicio militar prestado en tiempos de paz que se pueden acreditar en los sistemas de retiro. Ambos sostienen que, en vista de que la Ley Núm. 203 derogó la Ley Núm. 13, esta última dejó de existir. Por lo tanto, según exponen, de no aplicarse retroactivamente la Ley Núm. 203, todos los veteranos que prestaron servicio militar antes de la vigencia de dicha ley quedarían desprovistos de protección legal ante la desaparición de la Ley Núm. 13.[5] Somos del criterio que este argumento es claramente inmeritorio.

---

[5] En su comparecencia como *amicus curiae* el Procurador del Veterano esboza esencialmente los mismos argumentos que los señores Rullán Rivera y Parrilla Batista y sostiene que el historial legislativo demuestra que con la aprobación de la Ley Núm. 203 se buscó ampliar y mejorar los derechos de los veteranos puertorriqueños, por lo que sus disposiciones deben aplicar retroactivamente. Asimismo, alega que la Ley Núm. 203 adoptó los beneficios ya provistos por la ley federal U.S.E.R.R.A., *supra*, por lo que se debe entender que ya ésta había derogado la Ley Núm. 13 en cuanto a este asunto, pues las disposiciones del estatuto federal son más favorables al veterano al proveer hasta cinco años de acreditación.

Por su parte, la A.E.E. sostiene que el hecho de que la Ley Núm. 203 disponga que ésta comenzará a regir inmediatamente después de su aprobación y que no incluya una cláusula de retroactividad demuestra que el legislador no tuvo la intención de aplicarla retroactivamente. Por ello, alega que la Ley Núm. 203 aplica a aquellos empleados que advengan miembros de un sistema de retiro gubernamental luego de la fecha de vigencia de dicho estatuto. Coincidimos con este criterio.

Si bien es cierto que la Ley Núm. 13 fue derogada por la Ley Núm. 203 y, para efectos prácticos, "dejó de existir", ello no implica que las situaciones ocurridas con anterioridad a la vigencia de la Ley Núm. 203 queden en un vacío jurídico ante la aplicación prospectiva del nuevo estatuto. El hecho de que la Ley Núm. 13 no aplique a situaciones ocurridas después del 14 de diciembre de 2007 –fecha de vigencia de la Ley Núm. 203- no significa que no aplique a hechos ocurridos durante el tiempo que estuvo vigente. Es una regla elemental de hermenéutica que "[c]uando una ley es derogada, deja de existir. … Para todos los efectos **futuros** es como si nunca hubiera existido, excepto en cuanto a los procedimientos pasados y terminados". (Citas omitidas y énfasis suplido). R.E. Bernier y J.A. Cuevas Segarra, op. cit., pág. 423. Precisamente, la aplicación prospectiva de la Ley Núm. 203 obliga a aplicar la Ley Núm. 13 a los eventos ocurridos con anterioridad a la vigencia del nuevo estatuto.

Contrario a las alegaciones de los señores Rullán Rivera y Parrilla Batista, la Ley Núm. 203 no es de aplicación sólo a los veteranos que hayan prestado servicio militar a partir de su vigencia. En lo pertinente a la controversia de autos, la Ley Núm. 203, al igual que su predecesora, provee para la acreditación del servicio militar prestado "incluyendo el tiempo que hubiere estado en servicio activo en las fuerzas armadas con anterioridad a la vigencia de esta ley". 29 L.P.R.A. sec. 737 (e)(1).[6] El hecho de que el servicio militar se haya prestado antes del ingreso al sistema de retiro y de la aprobación de la ley no significa que quede excluido de la posibilidad de ser acreditado.[7] Según hemos señalado anteriormente, para efectos de los sistemas de retiro "[l]a frase 'servicio anterior' abarca **todo** servicio prestado por un participante, **independientemente de la fecha de su ingreso al Sistema de Retiro**, siempre que éste cualifique para ser acreditado de acuerdo con lo establecido a esos efectos…".

---

[6] La Ley Núm. 13 disponía exactamente lo mismo en cuanto a este asunto. 29 L.P.R.A. sec. 814 C(a).

[7] El Art. I, inciso (10) del Reglamento del Sistema de Retiro de la A.E.E. define "servicio anterior" como "el periodo de servicios prestados por un miembro con anterioridad a la fecha en que se convirtió en miembro y por el cual se concede crédito de conformidad con las disposiciones de este Reglamento". A modo ilustrativo, en cuanto a los demás sistemas de retiro gubernamentales, la Ley de Retiro del Personal del Gobierno, *supra*, expresamente autoriza la acreditación de "servicios anteriores" según definidos en la ley, los cuales incluyen servicio militar prestado antes del ingreso del empleado a un sistema de retiro gubernamental. 3 L.P.R.A. secs. 763 y 765 (e).

(Énfasis en el original). <u>Vargas v. Retiro</u>, *supra*, págs. 264-265.

Una vez se determina que un servicio es acreditable, la ley dispone la manera en que se llevará a cabo dicha acreditación. Es decir, las condiciones en las que los referidos servicios serán acreditados dependen de la ley vigente al momento en que el empleado ingresó a un puesto en el servicio público y se convirtió en participante de un sistema de retiro.[8] Así, los veteranos tendrán certeza al momento de entrar al sistema de retiro sobre los beneficios a los que tendrán derecho. Por ello, el momento determinante para precisar cuál es la ley aplicable en cuanto al número de años de servicio militar acreditables es el momento en que el veterano entró al sistema de retiro, no el periodo durante el cual se prestó dicho servicio ni cuando se hizo la solicitud de acreditación.

Tal y como hemos expuesto, tanto la Ley Núm. 203 como su predecesora la Ley Núm. 13 disponen cuáles servicios militares serán acreditables para efectos de los sistemas de retiro gubernamentales y, además, prescriben la manera en que se llevará a cabo tal acreditación. De ambas leyes, la vigente al momento en que el empleado ingresó a un puesto en el servicio público y se convirtió en participante de un sistema de retiro determina los

---

[8] Dichas condiciones establecidas en la ley incluyen aspectos tales como, por ejemplo, el momento en que podrá hacerse la solicitud de acreditación, los intereses y aportaciones a pagar por ésta y el número de años que se pueden acreditar, entre otras.

servicios que serán acreditados, así como las condiciones de dicha acreditación.

Así, los derechos prescritos en el artículo 4(e) de la Ley Núm. 203 beneficiarán a quienes ingresaron a un sistema de retiro gubernamental después del 14 de diciembre de 2007, toda vez que es esa la fecha de vigencia del estatuto y la Asamblea Legislativa no dispuso su aplicación retroactiva. El legislador tenía plena autoridad para decidir que todas o algunas de las disposiciones de la Ley Núm. 203 aplicaran retroactivamente. Aunque el legislador expresamente le confirió ciertos efectos retroactivos a algunas disposiciones de la Ley Núm. 203,[9] optó por no otorgarle un carácter retroactivo a dicho estatuto en general ni, particularmente, a los derechos relacionados con los sistemas de retiro.

No podemos ignorar la intención legislativa según plasmada en el texto de la Ley Núm. 203. Tampoco existen circunstancias extraordinarias que requieran que el artículo 4(e) de la Ley Núm. 203 se aplique retroactivamente, en ausencia de una disposición expresa al respecto por parte de la Asamblea Legislativa. Véanse, e.g., Consejo de Titulares v. Williams Hospitality, supra; Vélez v. Srio. de Justicia, supra.

En una situación análoga a la de autos, surgida a raíz de la aprobación de la Ley Núm. 13 en 1980, resolvimos que, en ausencia de disposición expresa sobre retroactividad,

---

[9] Véase Art. 4(b)(5)(d) y 4(c)(2)(A), 29 L.P.R.A. 737.

ésta era de aplicación prospectiva. Específicamente, en Guardiola v. Morán, 114 D.P.R. 477 (1983), un veterano reclamó la acreditación de dos años de servicio militar en tiempos de paz. En aquel momento, la Ley del Sistema de Retiro de los Empleados del Gobierno, Ley Núm. 447 de 15 de mayo de 1951, según enmendada, 3 L.P.R.A. sec. 761 *et seq*,[10] no proveía para la acreditación de servicio militar en tiempos de paz, por lo que el veterano alegó que la Ley Núm. 13 constituía una enmienda a ésta que le permitía acreditar el servicio militar prestado en tiempos de paz. Resolvimos entonces que, a pesar de que la Ley Núm. 13 efectivamente enmendaba las disposiciones de la Ley del Sistema de Retiro, la referida enmienda no tenía efectos retroactivos, pues ello no surgía del texto de la ley ni existían circunstancias extraordinarias que ameritaran apartarnos del principio general de irretroactividad de las leyes. *Íd.*, pág. 480. A la misma conclusión llegamos en el día de hoy respecto a la Ley Núm. 203.

Reconocemos, al igual que lo ha hecho la Asamblea Legislativa a través de la adopción de las diversas leyes protectoras de los veteranos, la importancia de otorgar beneficios y salvaguardar los derechos de aquellas personas que han dedicado parte de su vida al servicio militar. Sin embargo, en el ánimo de reconocer el servicio de estos ciudadanos no podemos soslayar el principio de irretroactividad de las leyes que sirve como pilar de

---

[10] El caso hace referencia a la Ley Núm. 95 de 19 de junio de 1968, la cual fue una enmienda realizada a la Ley Núm. 447, *supra*.

nuestro sistema de derecho y asegura la estabilidad de las relaciones jurídicas. En la medida en que el legislador estableció expresamente la aplicación prospectiva de la Ley Núm. 203 no debemos adoptar un curso de acción en el sentido contrario.

Cónsono con lo anterior, a los veteranos que entraron al servicio público e ingresaron un sistema de retiro después del 14 de diciembre de 2007 le cobijan las disposiciones de la Ley Núm. 203. Aquellos que entraron antes de dicha fecha están cubiertos por la Ley Núm. 13. Se trata, a fin de cuentas, de una decisión legislativa de conceder ciertos beneficios a partir de una fecha determinada.

### B.

Como argumento adicional a favor de la aplicación de la Ley Núm. 203, los señores Rullán Rivera y Parrilla Batista alegan que ésta contiene una disposición que requiere que se interprete de la forma más favorable al veterano. Según exponen, el conceder la acreditación de hasta cinco años de servicio prestado en tiempos de paz es más beneficioso que la acreditación de dos años que permitía la Ley Núm. 13, por lo que se deben aplicar las disposiciones de la Ley Núm. 203. No les asiste la razón.

Ciertamente, el Art. 10 de la Ley Núm. 203 dispone que ésta se deberá interpretar liberalmente de la manera que resulte más beneficiosa para el veterano y que, de existir conflicto entre dos leyes, se aplicará la que resulte más favorable para éste. 29 L.P.R.A. sec. 743. No obstante, en

cuanto a la interpretación liberal de las leyes con propósitos reparadores hemos expresado que "[u]na interpretación liberal no puede ser fundamento para ignorar el texto de la ley". Rivera Figueroa v. A.A.A., res. el 23 de octubre de 2009, 2009 T.S.P.R. 162, pág. 22. Si luego de analizados el texto de la ley y la intención legislativa que motivó su aprobación aún persiste la duda en cuanto al alcance del estatuto, entonces la interpretación deberá favorecer a aquella parte a quien la Asamblea Legislativa quiso beneficiar. Íd. Por lo tanto, ante la claridad del texto de la ley, no podemos soslayarlo en aras de lograr una interpretación liberal que redunde en un mayor beneficio para el veterano. Es un hecho incontrovertible que la ley no contiene cláusula alguna de retroactividad, por lo que no podemos avalar una aplicación retroactiva.

Tampoco existe en el caso de autos un conflicto entre leyes, pues tanto la Ley Núm. 13 como la Ley Núm. 203 son claras respecto al número de años de servicio militar que son acreditables para los sistemas de retiro y disponen el procedimiento a seguir para lograr la acreditación. Se trata, pues, de la aplicación temporal de cada ley, no de un conflicto irreconciliable entre dos estatutos sobre la misma materia, pues al derogarse la Ley Núm. 13, sus disposiciones no pueden confligir con las de la Ley Núm. 203.

C.

Por último, el señor Rullán Rivera alega que la legislación federal U.S.E.R.R.A. debe aplicar por encima de

la ley estatal por ser más beneficiosa al veterano, pues provee hasta cinco años de acreditación de servicio militar sin especificar si se prestaron en tiempos de paz o de guerra. Así resolvió el Tribunal de Primera Instancia en el caso del señor Parrilla Batista.[11] Sin embargo, entendemos que dicha interpretación es incorrecta en derecho.

La ley federal U.S.E.R.R.A. fue aprobada por el Congreso de Estados Unidos para proteger los derechos de empleo de los veteranos y soldados, facilitar la transición a la vida laboral civil y prohibir el discrimen por haber prestado servicio militar. 38 U.S.C. sec. 4301. A estos efectos, la ley contiene una variedad de disposiciones que protegen a aquellos veteranos que solicitan un empleo por primera vez luego de haber prestado servicio militar y a aquellos que dejan su empleo para irse al servicio activo y, luego de completarlo, regresan al trabajo.

En relación con las leyes estatales, U.S.E.R.R.A. dispone expresamente que la ley federal no afectará ninguna otra ley que contenga disposiciones más favorables al veterano que las allí expuestas. 38 U.S.C. sec. 4302. De igual forma, U.S.E.R.R.A. aplicará por encima de cualquier ley que limite, reduzca o elimine los beneficios que ésta contiene. *Íd.*

---

[11] En cuanto a la aplicación de la ley federal U.S.E.R.R.A., el señor Parrilla Batista alega que dicho estatuto no es relevante ni aplicable al caso de autos, pues entiende que la Ley Núm. 203 permite la acreditación de cinco años.

En los recursos ante nuestra consideración, tanto el señor Rullán Rivera como la sentencia emitida por el foro de instancia en el caso del señor Parrilla Batista se amparan en la sección 4312 de U.S.E.R.R.A., 38 U.S.C. sec. 4312, para alegar que ésta aplica por encima de las leyes estatales.

La sección 4312 de U.S.E.R.R.A., *supra*, titulada "Reemployment rights of persons who serve in the uniformed services", contiene varias disposiciones dirigidas a preservar los derechos de aquellas personas que se ausenten de su empleo por determinado periodo de tiempo por razón de prestar servicio militar. Entre éstas, se establece que **el veterano tendrá derecho a los beneficios de la ley si su ausencia del empleo por razón de servicio militar no excede un periodo de cinco años**. *Íd*., inciso (a)(2). La referida sección y todos sus incisos se refieren a la situación particular del empleado que regresa a su trabajo anterior después de prestar servicio militar, por lo que son inaplicables a aquellos veteranos que ingresan por primera vez en determinado empleo. Además, el periodo de cinco años mencionado en dicha sección se refiere al tiempo máximo que el empleado se puede ausentar para prestar servicio militar sin perder sus derechos de empleo, y nada tiene que ver con la acreditación de años de servicio para un plan de retiro.

Por su parte, la A.E.E. alega que U.S.E.R.R.A. no aplica al caso de autos debido a una excepción contenida en la propia ley referente a los sistemas de retiro

gubernamentales estatales. 38 U.S.C. sec. 4318. Sostiene que dicha sección exceptúa de sus disposiciones a los sistemas de retiro gubernamentales federales o estatales.

La sección 4318 sobre "Employee pension benefit plans" regula lo pertinente a la acreditación y aportaciones a sistemas de retiro para los veteranos que se reintegran a sus empleos luego de prestar servicio militar. Específicamente, la referida sección establece que, excepto determinados planes especiales regulados por separado, cualquier derecho relacionado con un plan de retiro de un patrono privado o gubernamental de una persona que se reintegre a su empleo luego de haber prestado servicio militar ("reemployed") se regirá por lo dispuesto en dicha sección. 38 U.S.C. sec. 4318, inciso (a)(1)(A). Contrario a lo que alega la A.E.E., la excepción contenida en el inciso (a)(1)(A) sólo se refiere a cierto tipo de plan que se regula por otras disposiciones, por lo que a los planes de retiro de los gobiernos estatales sí les aplica dicha sección.

No obstante, la citada sección es clara al expresar que sus disposiciones son de aplicación a los veteranos que **reingresen** a un empleo. En este sentido, la ley dispone que el tiempo de servicio militar se debe considerar como tiempo servido para el patrono para efectos de beneficios de retiro. Asimismo, dispone la forma en que se hará la acreditación y las aportaciones a los planes de retiro. *Íd.*, inciso (2).

En lo pertinente a la controversia ante nuestra consideración y el tiempo máximo de servicios acreditables, se indica que, una vez la persona se reintegra a su empleo luego de prestar servicio militar, tendrá derecho a los beneficios que hubiera acumulado durante ese tiempo, siempre que realice los pagos y aportaciones necesarios para la acreditación. 38 U.S.C. sec. 4318, inciso (b)(2). Dispone, además, que los pagos se comenzarán a realizar a partir de la fecha de reingreso al empleo y tendrá hasta un máximo de cinco años para completarlos. *Íd.*

Según se desprende de las mencionadas disposiciones de la ley federal, en todo lo relacionado con la acreditación de años de servicio para sistemas de retiro, U.S.E.R.R.A. limita su aplicación a aquellas personas que se reintegran al empleo que tenían antes de partir a prestar servicio militar ("reemployment"). Es decir, nada hay en la ley federal respecto a la forma en que se acreditan los años de servicio militar prestados antes de que el veterano entre en determinado sistema de retiro. Por ello, las citadas disposiciones de la ley federal U.S.E.R.R.A. son inaplicables a la controversia de autos, toda vez que tanto el señor Rullán Rivera como el señor Parrilla Batista prestaron servicio militar antes de ingresar a la A.E.E. y formar parte del sistema de retiro de dicha entidad. No se trata del "reemployment" que regula U.S.E.R.R.A., por lo que no hay un conflicto entre la ley estatal y la federal. Ante el silencio del Congreso respecto a aquellas personas que entran por primera vez a un sistema de retiro después

de concluido su servicio militar y el periodo máximo de acreditación a un sistema de retiro, es de aplicación la ley estatal que disponga sobre este asunto.

IV.

Por todo lo anterior, concluimos que la Ley Núm. 203 es de aplicación prospectiva y que la ley federal U.S.E.R.R.A. es inaplicable a la presente controversia. Por lo tanto, los señores Rullán Rivera y Parrilla Batista sólo tienen derecho a que se le acrediten dos años de servicio militar para efectos de retiro, al amparo de la ley vigente al momento de su ingreso al Sistema de Retiro de la A.E.E., la Ley Núm. 13.

Por los fundamentos antes expuestos, se confirma la sentencia emitida por el Tribunal de Apelaciones en el caso del señor Rullán Rivera (CC-2008-952) y se revoca aquella dictada en el caso del señor Parrilla Batista (AC-2008-88).

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

```
Luis Antonio Rullán Rivera        *
                                  *
         Peticionario             *
                                  *
              v.                  *    CC-2008-952
                                  *
Autoridad de Energía Eléctrica    *
                                  *
         Recurrido                *
                                  *
******************************** *     Consolidado
Félix Parrilla Batista            *
                                  *
         Recurrido                *
                                  *
              v.                  *    AC-2008-88
                                  *
Autoridad de Energía Eléctrica    *
de Puerto Rico, Edwin Rivera      *
Serrano, Sistema de Retiro de     *
los Empleados de la Autoridad     *
de Energía Eléctrica de Puerto    *
Rico, Otoniel Cruz Carrillo,      *
Fulano de Tal                     *
                                  *
         Peticionarios            *
******************************
```

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2010.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la sentencia emitida por el Tribunal de Apelaciones en el caso del señor Rullán Rivera (CC-2008-952) y se revoca aquella dictada en el caso del señor Parrilla Batista (AC-2008-88).

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre con el resultado sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo