| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XII | | |
| GUILLERMO DE JESÚS PÉREZ<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE SAN JUAN<br><br>Recurridos | KLRA202400403 | *Revisión Administrativa* Procedente de la Comisión de Investigación, Procesamiento y Apelación<br><br>Caso Núm.:<br>24PM-4<br><br>Sobre: Expulsión |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2024.

Comparece ante nos el Sr. Guillermo De Jesús Pérez (en adelante, Sr. De Jesús Pérez) mediante un recurso de *Revisión Administrativa* y nos solicita la revisión de la *Resolución de Archivo por Falta de Jurisdicción* emitida el 25 de enero de 2024 y notificada el 7 de junio 2024 por la Comisión de Investigación, Procesamiento y Apelación ("CIPA"). Mediante dicha resolución, la CIPA determinó que no tenía jurisdicción para atender el recurso de apelación presentado por el Sr. De Jesús Pérez y ordenó su archivo.

Por los fundamentos que expondremos, se confirma la resolución recurrida.

**I.**

El Sr. De Jesús Pérez fue notificado mediante una carta con fecha de 7 de marzo de 2023 de la determinación de *Formulación de Cargos* emitida en su contra por el Comisionado de la Policía Municipal de San Juan.[1] En lo pertinente, se le informó que la

---

[1] Véase, Apéndice de la *Revisión Administrativa*, págs. 10-12.

Número Identificador

SEN2024_____

División de Inspección y Asuntos Disciplinarios del Departamento de Policía y Seguridad del Municipio de San Juan realizó una investigación administrativa en su contra por hechos ocurridos el 1 de enero de 2023. Además, se le informó sobre el resultado de la investigación, las disposiciones legales que su conducta había infringido y la intención del Comisionado de imponerle como medida disciplinaria la expulsión del puesto que ocupaba en el Departamento de Policía y Seguridad del Municipio de San Juan.[2] En la carta se le apercibió al Sr. De Jesús Pérez de su derecho a solicitar una vista administrativa dentro de los quince (15) días siguientes a la notificación de esta formulación de cargos, presentando la misma en la Oficina del Comisionado de la Policía Municipal de San Juan.

El Sr. De Jesús Pérez solicitó la vista administrativa, la cual se celebró el 20 de junio de 2023. A base de la prueba testifical y documental presentada, la Oficial Examinadora a cargo de la misma concluyó que el Sr. De Jesús Pérez había cometido las faltas imputadas, por lo que recomendó que se le impusiera como medida disciplinaria la expulsión del puesto que ocupaba.

El 11 de julio de 2024, el Comisionado de la Policía Municipal de San Juan emitió una *Resolución Final,* mediante la cual determinó "hacer final y firme el castigo informado." En lo pertinente

---

[2] En específico, al Sr. De Jesús Pérez se le imputó haber incurrido en faltas al Reglamento de la Policía Municipal de San Juan, Sección 4.6 (b) Identificación de Faltas, Inciso A y B, Faltas Graves 2 y 27. Faltas Leves 24 y 32.
Inciso A, Faltas Graves
Faltas Graves Núm. 2: Demostrar incapacidad manifiesta, ineptitud, descuido, parcialidad o negligencia en el desempeño de sus deberes, funciones y responsabilidades.
Faltas Graves Núm. 27: Abandonar el servicio sin la debida autorización o sin haber sido debidamente relevado, considerándose también el dormirse en el servicio como abandono de servicio.
Inciso B, Faltas Leves
Faltas Graves Núm. 24: Usar vehículos oficiales en asuntos no relacionados con el servicio.
Faltas Graves Núm. 32: Tertuliar, haraganear, desatender su demarcación o asumir posiciones impropias mientras estuviere de servicio.

a la controversia ante nuestra consideración, en dicha resolución se le apercibió al Sr. De Jesús Pérez lo siguiente:

> "De usted no estar de acuerdo con esta determinación, puede apelar la misma **ante la Comisión de Investigación, Procesamiento y Apelación (CIPA)**, dentro de los treinta (30) días, contados a partir del recibo de esa comunicación. [...]."[3] (énfasis suplido).

El 1 de agosto de 2023, el Sr. De Jesús Pérez procedió a presentar ante la Comisión de Investigación, Procesamiento y Apelación ("CIPA") un recurso de *Apelación* impugnando la determinación emitida por el Comisionado de la Policía Municipal de San Juan.[4]

Finalmente, el 25 de enero de 2024, notificada el 7 de junio 2024, la CIPA emitió la *Resolución de Archivo por Falta de Jurisdicción* aquí recurrida, mediante la cual determinó que carecía de jurisdicción para atender el recurso de apelación presentada por el Sr. De Jesús Pérez, por lo que ordenó el archivo del caso.[5] En específico, la CIPA concluyó y resolvió lo siguiente:

> "Se ha evaluado la apelación presentada, de la cual surge que la notificación de sanción se produjo el 13 de julio de 2023. Surge, además, que la Resolución Final remite al sancionado, erróneamente, a recurrir a la CIPA de no estar de acuerdo con la determinación de expulsión.
>
> El Código Municipal de Puerto Rico, el cual entró en vigor el 14 de agosto de 2020, en su Artículo 2.043 dispone que la Comisión Apelativa del Servicio Público (CASP) será el organismo apelativo del sistema de Administración de Personal Municipal. Por tanto, concede a dicha agencia la jurisdicción primaria exclusiva para entender en las apelaciones sobre aquellas decisiones de personal emitidas por la autoridad nominadora.
>
> Lo anterior incluye todo caso sobre acciones disciplinarias, despidos, ascensos, remuneraciones, sueldo, clasificación del personal, entre otros asuntos de índole laboral.
>
> Conforme lo anterior, esta Comisión carece de jurisdicción para atender la apelación presentada en el asunto de epígrafe, por lo que se ordena el archivo de la

---

[3] Véase, Apéndice de la *Revisión Administrativa*, pág. 9.
[4] Véase, Apéndice de la *Revisión Administrativa*, pág. 6-8.
[5] Véase, Apéndice de la *Revisión Administrativa*, pág. 3-5.

misma.

Debido a que estimamos que la notificación de la agencia al apelado fue defectuosa, y según dispuesto en el Código antes citado, el apelante dispone de diez (10) días contados a partir de la notificación de esta Resolución para presentar su apelación en la Comisión Apelativa de Servicio Público."

El 27 de junio de 2023, el Sr. De Jesús Pérez presentó una *Moción Solicitando Reconsideración*.[6] No habiendo actuado la CIPA con respecto a dicha solicitud dentro del término legal correspondiente,[7] el Sr. De Jesús Pérez acudió ante nos el 29 de julio de 2024 mediante el presente recurso de *Revisión Administrativa*, en el cual señala la comisión del error siguiente:

Erró la comisión de Investigación, Procesamiento y Apelación al archivar la Apelación por falta de jurisdicción y entender que de conformidad con el artículo 2.043 del Código Municipal de Puerto Rico es la Comisión Apelativa del Servicio Público quien tiene jurisdicción exclusiva en el caso de autos.

El 9 de septiembre de 2024, la Oficina del Procurador General presentó un escrito titulado *Comparecencia Especial* y copia certificada del expediente administrativo del Caso Núm.: 24PM-4.

## II.

## A.

La Ley Núm. 107-2020, según enmendada, *"Código Municipal de Puerto Rico"*, 21 LPRA sec. 7001 *et seq.*, (en adelante, Código Municipal) se aprobó con el propósito de crear el Código Municipal de Puerto Rico a los fines de integrar, organizar y actualizar las leyes que disponen sobre la organización, administración y funcionamiento de los Municipios. En cuanto a la estructura del Sistema de Recursos Humanos Municipal, el Artículo 2.043 del Código Municipal, *supra*, establece que "[e]l Alcalde y el Presidente de la Legislatura Municipal serán la autoridad nominadora de sus

---

[6] Véase, Apéndice de la *Revisión Administrativa*, págs. 1-2.
[7] Véase, Sección 3.15 de la Ley Núm. 38-2017, según enmendada, *"Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"*, 3 LPRA sec. 9655.

respectivas Ramas del Gobierno Municipal." Además, establece que la Comisión Apelativa del Servicio Público ("CASP") "será el organismo apelativo del sistema de Administración de Personal Municipal."

En lo pertinente al caso ante nuestra consideración, el Código Municipal establece que "[c]orresponde a cada municipio ordenar, reglamentar y resolver cuanto sea necesario o conveniente para atender las necesidades locales y para su mayor prosperidad y desarrollo." Artículo 1.010 del Código Municipal, *supra*. En virtud de lo anterior, los municipios están facultados para "[o]rganizar y sostener un Cuerpo de Policías Municipales en conformidad con lo dispuesto en este Código." Artículo 1.010 (e) del Código Municipal, *supra*.

Por su parte, el Artículo 3.022 del Código Municipal, *supra*, dispone que "[c]ualquier municipio podrá establecer un cuerpo de vigilancia y protección pública que se denominará "Policía Municipal"." Conforme a este Artículo, la obligación de la Policía Municipal será:

> "[P]revenir, descubrir e investigar los delitos de violencia doméstica, conforme a las disposiciones de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como "Ley Para la Prevención e Intervención con la Violencia Doméstica", investigar y procesar en todas sus modalidades los delitos de acecho, escalamiento, agresión, apropiación ilegal y los delitos menos graves conforme al Código Penal de Puerto Rico; y el delito de Posesión de Sustancias Controladas bajo el Artículo 404 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como "Ley de Sustancias Controladas de Puerto Rico", y perseguir los delitos que se cometan dentro de los límites jurisdiccionales del municipio correspondiente o aun fuera de estos, cuando sea necesario, para culminar una intervención iniciada en el municipio de su jurisdicción, y de conformidad a la jurisdicción que se les concede en este Código; y compeler la obediencia a las ordenanzas y reglamentos promulgados por el municipio correspondiente. [...]" Artículo 3.022 del Código Municipal, *supra*.

En cuanto a las acciones disciplinarias de la Policía Municipal, el Artículo 3.029 del Código Municipal, *supra*, dispone lo siguiente:

"(a) La acción disciplinaria por faltas leves se fijarán en el reglamento, el cual determinará los oficiales y demás miembros del Cuerpo que tendrán facultad para investigar y recomendar al Comisionado la acción disciplinaria que se recomienda en cada caso.

(b) El miembro del Cuerpo que no esté conforme con el castigo o sanción impuesta por falta leve, podrá radicar ante el Comisionado el correspondiente escrito de apelación. El escrito deberá radicarse dentro de un plazo de diez (10) días contados desde la fecha de la notificación del castigo.

(c) El Comisionado, luego de examinar y analizar el expediente, queda facultado para dejar sin efecto el castigo, confirmarlo o imponer aquel castigo que estimare razonable de acuerdo con las disposiciones de este Código o de los reglamentos adoptados en virtud del mismo."

A su vez, en cuanto a las Faltas Graves, Informe, Resolución del Caso, Castigo y Suspensión, el Artículo 3.030 del Código Municipal, *supra*, dispone lo siguiente:

"(a) En toda acción disciplinaria por faltas graves, el Comisionado preparará un informe completo al Alcalde en torno a las imputaciones hechas contra el miembro o miembros del Cuerpo.

(b) El Alcalde, luego de examinar y analizar el expediente y de dar al querellado la oportunidad de ser oído, resolverá el caso absolviendo al querellado o imponiendo el castigo que estime razonable según lo dispone el inciso (d) de esta sección. Si se declara culpable el miembro o miembros del Cuerpo concernidos así lo harán constar por escrito bajo su firma. El Comisionado entregará copia al querellado del documento contentivo de la decisión, lo que se comprobará por medio de la firma del Alcalde e indicando la fecha y la hora de la decisión. El procedimiento para estos casos se determinará mediante reglamento.

(c) Los cargos por faltas graves serán formulados por escrito y firmados por el Comisionado entregando copia de éstos al miembro del Cuerpo a quien corresponda.

(d) El castigo a imponerse por faltas graves podrá ser uno de los siguientes: expulsión permanente del Cuerpo, degradación o suspensión del Cuerpo, sin sueldo, por un período no mayor de tres (3) meses.

(e) El Comisionado, con la autorización previa del Alcalde, tendrá facultad para suspender temporalmente de empleo y sueldo a cualquier miembro del Cuerpo mientras se practica cualquier investigación que se ordene relativa a incompetencia, mala conducta o crimen de que se acuse a dicho miembro. En tal caso, el Comisionado hará que se formulen los correspondientes cargos sin demora innecesaria; investigará e informará al Alcalde tales casos a la mayor brevedad posible, para que este imponga el castigo que estime razonable dentro de los límites de este Código y sus reglamentos o disponiendo la reinstalación al servicio de dicha persona con devolución de los sueldos devengados o sin ellos durante el período de la suspensión, si a su juicio los hechos lo justificaren conforme lo dispuesto en el inciso (d) de este Artículo. En el caso de que el miembro así sancionado, no esté de acuerdo con tal determinación, tendrá derecho a apelar, dentro de los diez (10) días de haber sido notificado por escrito, ante la Comisión Apelativa del Servicio Público.

(f) Cuando un miembro del Cuerpo estuviere suspendido de empleo y sueldo por cualquier concepto estará inhabilitado para ejercer sus funciones como tal. Tampoco disfrutará de los derechos y privilegios que por ley se conceden a miembros del Cuerpo mientras dure dicha suspensión.

Por otra parte, el Plan de Reorganización Núm. 2 de 26 de Julio de 2010, según enmendado, *"Plan de Reorganización de la Comisión Apelativa del Servicio Público"*, 3A LPRA Ap. XIII *et seq.*, se aprobó con el propósito principal de crear la CASP y de establecer sus poderes, deberes, facultades, responsabilidades, funciones administrativas y jurisdicción. En cuanto a la creación de dicha agencia, el Artículo 4 del Plan de Reorganización Núm. 2, *supra*, dispone lo siguiente:

"Se crea la Comisión Apelativa del Servicio Público como un organismo cuasi-judicial en la Rama Ejecutiva, especializado en asuntos obrero-patronales y del principio de mérito en el que se atenderán casos laborales, de administración de recursos humanos y de querellas, tanto para los empleados que negocian al amparo de la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", como para los empleados públicos cubiertos por la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, conocida como la "Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico".

En cuanto a la jurisdicción apelativa de la CASP, el Artículo 12 del Plan de Reorganización Núm. 2, *supra*, establece lo siguiente:

"La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:

a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107-2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;

c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares";

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, en las áreas esenciales al principio de mérito;

e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;

f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos."

**B.**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**III.**

En su recurso de *Revisión Administrativa*, el Sr. De Jesús Pérez señala que erró la CIPA "al archivar la Apelación por falta de jurisdicción y entender que de conformidad con el artículo 2.043 del Código Municipal de Puerto Rico es la Comisión Apelativa del Servicio Público quien tiene jurisdicción exclusiva en el caso de autos." Evaluados los argumentos de la parte recurrente a la luz del derecho expuesto, concluimos que el error antes señalado no se cometió.

Luego un análisis exhaustivo de las disposiciones legales previamente citadas, concluimos que, al aprobar el Código Municipal, la intención del legislador fue otorgar jurisdicción primaria y exclusiva a la CASP para atender las apelaciones de los empleados públicos respecto a las decisiones de personal emitidas por la autoridad nominadora, incluyendo a los miembros de la Policía Municipal.

En el caso de empleados municipales, las apelaciones de decisiones de personal emitidas por la autoridad nominadora son de la jurisdicción primaria exclusiva de la CASP, según lo establecen el Artículo 2.043 del Código Municipal, *supra,* y el Artículo 12 del Plan de Reorganización Núm. 2 de 26 de julio de 2010, *supra.* Esto incluye la revisión de casos relacionados con medidas disciplinarias, como expulsiones de algún miembro de la policía municipal.

Reiteradamente el Tribunal Supremo ha señalado que "es un principio cardinal de hermenéutica el que los tribunales consideren cuáles fueron los principios perseguidos por la Asamblea Legislativa al interpretar una disposición específica de una ley". *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 735 (2016). En ese sentido, al interpretar dos estatutos en aparente conflicto, nuestro más Alto Foro ha expresado que es preciso explorar "entre otros factores, los objetivos del legislador, las realidades sociales que motivaron el estatuto [y] el modo en que, en una sociedad cambiante, pueden cumplirse mejor los valores que la ley entraña". *Guardiola Álvarez v. Depto. de la Familia,* 175 DPR 668, 677, 678 (2009). A su vez, nuestra más Alta Curia ha sostenido que en caso de un conflicto irreconciliable "entre una nueva disposición y estatutos previos referentes a la misma materia, la nueva disposición será la que controle o prevalezca, ya que constituye la última expresión del legislador [...] *Guardiola Álvarez v. Dpto. de la Familia, supra,* pág. 678; *Pizarro v. Nicot,* 151 DPR 944, 951 (2000); *Díaz v. Srio. de Hacienda,* 114 DPR 865, 874 (1983).

El Código Civil de 2020 establece que, "la ley solo queda derogada por otra ley posterior". Artículo 10 del Código Civil de 2020, 31 LPRA sec. 5325. Además, establece que una ley puede ser derogada expresa o tácitamente. A esos efectos, un estatuto es derogado tácitamente cuando la nueva ley no contiene un pronunciamiento explícito y es contraria e irreconciliable con la ley

anterior. Véase Artículo 11 del Código Civil de 2020, 31 LPRA sec. 5326.

Por tanto, al aplicar las normas de la hermenéutica legal en el caso ante nos, coincidimos que el propósito legislativo detrás de la aprobación del Código Municipal, *supra,* fue integrar todas las obligaciones y responsabilidades vinculadas al funcionamiento de los gobiernos municipales; incluyendo, a la policía municipal. Por todo lo cual, somos del criterio de que el Código Municipal, *supra*, desplaza tácitamente las disposiciones legales que le otorgaban jurisdicción sobre estos asuntos a la CIPA y se la otorga a la CASP.

Finalmente, no podemos pasar por alto que la notificación emitida por el Municipio de San Juan al Sr. De Jesús Pérez fue defectuosa, ya que la CIPA no era el foro con jurisdicción para atender el recurso de apelación. En vista de lo anterior, es necesario subrayar que el debido proceso de ley en el contexto adjudicativo exige, como mínimo, la notificación adecuada a todas las partes involucradas. *PVH Motor v. ASG*, 209 DPR 122, 131 (2022).

En consecuencia, concluimos que el término del Sr. De Jesús Pérez para apelar ante la CASP no ha comenzado a transcurrir hasta que sea debidamente notificado por el Municipio de San Juan mediante una resolución final que advierta sobre el derecho a apelar ante la CASP, según se establece el Artículo 2.043 del Código Municipal, *supra*, especificando el término legal aplicable y cualquier otro aspecto necesario para ejercer dicho derecho conforme a las disposiciones legales correspondientes.

**IV.**

Por los fundamentos antes expuestos, se confirma la resolución recurrida y se ordena al Municipio de San Juan a notificar nuevamente la *Resolución Final* de 11 de julio de 2024, conforme lo aquí dispuesto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones