# 2000 DTA 105

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**
**PANEL I**

WARNER LAMBERT, INC.
Demandante-Apelada

v.

GOBIERNO MUNICIPAL DE VEGA BAJA
Demandado-Apelante

Núm. KLAN-99-00757

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidente, Juez Sánchez Martínez,
la Jueza Cotto Vives y la Jueza Ramos Buonomo

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La controversia que plantea este recurso es si una enmienda de 1996 a la Ley 8 de 24 de enero de 1987, conocida como Ley de Incentivos Contributivos de Puerto Rico, 13 L.P.R.A. sec. 10038 *et seq.*, es de aplicación retroactiva, a los efectos de extender la exención de arbitrios de construcción a los contratistas que realizan obras de construcción para las empresas cubiertas por un decreto de exención contributiva. Los hechos del caso no están en controversia.

Warner Lambert es una corporación organizada bajo las leyes del estado de Nevada y está debidamente registrada y autorizada a hacer negocios en Puerto Rico. La misma lleva a cabo operaciones de manufactura en el

Municipio de Vega Baja. Las operaciones de Warner Lambert están cubiertas por un decreto de exención contributiva emitido a su favor el 7 de febrero de 1989 al amparo de la Ley de Incentivos Contributivos de Puerto Rico. El referido decreto dispone que Warner Lambert tendrá una exención de 60% en el pago de patentes y otras contribuciones municipales impuestas por cualquier ordenanza municipal. Dispone, además, que durante el período de construcción e instalación de propiedad utilizada en el negocio exento Warner Lambert tendrá exención total del pago de patentes y otras contribuciones municipales sobre la propiedad.

Estando vigente el decreto de exención contributiva a favor de Warner Lambert, el Municipio de Vega Baja aprobó varias ordenanzas estableciendo arbitrios municipales por concepto de construcción, entre ellas, la Ordenanza 63 de 16 de marzo de 1995. Esta ordenanza impone arbitrios por concepto de construcciones, reconstrucciones, ampliaciones, alteraciones, reparaciones, demoliciones, relocalizaciones, mejoras, instalaciones, obras de infraestructura y cualquier otra obra realizada dentro de los límites territoriales del Municipio de Vega Baja. La tercera sección de la referida ordenanza establece que antes de comenzar cualquier proyecto de obras o actividad relacionada, el dueño o contratista de la misma deberá pagar por la totalidad del proyecto u obra según el arbitrio correspondiente. En adición, la tercera sección, subinciso 8, apartado A, de la Ordenanza 63, señala que en aquellas obras realizadas por la empresa privada mediante el procedimiento de subastas o por contrato para el gobierno estatal, federal, municipal o para una entidad privada que disfrute de exención parcial o total, corresponde al contratista pagar los arbitrios sobre el costo del proyecto. Esta misma ordenanza establece que será retroactiva al 11 de octubre de 1990, fecha en que se impusieron contribuciones o arbitrios por concepto de construcción mediante la Ordenanza 25.

En febrero de 1995, Warner Lambert contrató a Caribbean Industrial Construction para que este último remodelara el área de carga en uno de los edificios de la empresa. Warner Lambert acordó pagar al constructor Caribbean Industrial Construction la cantidad de $93,300. Tal suma no incluia el pago de arbitrios municipales por concepto de construcción. Warner Lambert presentó en la Administración de Reglamentos y Permisos (ARPE), Oficina Regional de Bayamón, una solicitud para el permiso de construcción de la remodelación del área de carga. ARPE expidió la notificación de aprobación del permiso de construcción estimando el costo de la construcción en $70,000. La emisión del permiso de construcción se condicionó, entre otras cosas, a que Warner Lambert sometiera evidencia de haber satisfecho los arbitrios municipales correspondientes a dicha construcción. La remodelación comenzó el 14 de febrero de 1995 y se terminó el 5 de mayo de 1995. En abril de 1995, la Gerente de Finanzas de Warner Lambert visitó la Oficina de Recaudaciones del Municipio de Vega Baja para gestionar el pago del 40% de los arbitrios correspondientes al proyecto de remodelación. Sin embargo, el municipio se negó a recibir el pago por entender que de acuerdo a la Ordenanza 63 los contratistas de Warner Lambert no estaban cobijados por la exención contributiva de dicha compañía y, por lo tanto, debían pagar la totalidad de los mismos.

Posteriormente, Warner Lambert también decidió construir una planta de tratamiento para las aguas que se utilizan en el proceso de manufactura. En esta ocasión, Warner Lambert contrató a Alonso y Carus y a CG Construction. Además, presentó en ARPE una solicitud para el permiso de construcción del sistema de procesamiento de agua. ARPE expidió la notificación de aprobación del permiso de construcción estimando el costo de la construcción en $1,161,300. De igual forma, ARPE condicionó la emisión del permiso al cumplimiento de ciertas condiciones, entre ellas, someter evidencia de haber satisfecho los arbitrios municipales correspondientes al proyecto.

El 20 de julio de 1995, los representantes de Warner Lambert se reunieron con el Director de Finanzas del Municipio de Vega Baja para discutir los asuntos relacionados con los arbitrios de construcción de la remodelación y la planta de tratamiento a construirse. A través de una carta del 2 de agosto de 1995, el Director de Finanzas del Municipio le indicó a los representantes de Warner Lambert que la Ordenanza 63 le aplicaba al proyecto realizado por Warner Lambert, ya que los arbitrios no fueron pagados antes de comenzarse la obra según lo establecido. En la misiva también se expresó que la ordenanza aplicable era retroactiva al 11 de octubre de 1990 y, por consiguiente, afectaba a todas las obras realizadas a partir de esa fecha y por las cuales no se pagaron arbitrios municipales.

Así las cosas, Warner Lambert presentó una demanda impugnando la deuda impuesta por el Municipio de Vega Baja por concepto de arbitrios de construcción sobre la remodelación del área de carga y sobre la planta de tratamiento. Warner Lambert adujo que como empresa cubierta por un decreto de exención contributiva los contratistas y subcontratistas que lleven a cabo trabajos de construcción en las facilidades de la empresa, también están exentos de los arbitrios municipales por concepto de construcción impuestos mediante ordenanzas del Municipio de Vega Baja. También alegó que la Ley 212 que enmendó la Ley de Incentivos Contributivos de 1987, tiene efecto retroactivo. Por su parte, el Municipio de Vega Baja adujo que conforme al Art. 3 del Código Civil, 31 L.P.R.A. sec. 3, la aplicación de la Ley 212 de 12 de septiembre de 1996 es de aplicación prospectiva y que, por esa razón, los contratistas que efectuaron obras de construcción para Warner Lambert no estaban exentos de pagar los arbitrios municipales correspondientes a la obra realizada.

El Tribunal de Primera Instancia, mediante una sentencia sumaria, declaró con lugar la demanda dejando sin efecto la imposición de arbitrios de construcción contra los contratistas de la demandante Warner Lambert y ordenando al municipio de Vega Baja a emitir un endoso a favor de Warner Lambert certificando que no existe deuda alguna por concepto de arbitrios de construcción sobre la remodelación del área de carga y la planta de tratamiento.

Inconforme con dicha sentencia, comparece ante nos el Municipio de Vega Baja mediante el presente recurso de apelación y solicita que se revoque la sentencia apelada. En su escrito, el Municipio alega que incidió el tribunal de primera instancia al determinar que la Ley 212 es de aplicación retroactiva.

Como veremos más adelante, la Sec. 3 de la Ley de Incentivos Contributivos de Puerto Rico, 13 L.P.R.A. sec. 10040(c) (véase texto en tomo principal), estableció, según originalmente aprobada en virtud de la Ley 8 de 24 de enero de 1987, que los negocios exentos gozarían de un sesenta por ciento (60%) de exención sobre las patentes, arbitrios y otras contribuciones municipales impuestas por cualquier ordenanza municipal durante los períodos dispuestos en el inciso (d) de dicha sección. También dispuso que los negocios exentos estarían totalmente exentos sobre dichas contribuciones durante el período que autorice el decreto de exención contributiva para que se lleve a cabo el establecimiento del negocio exento, pero omitió toda referencia a contratistas y subcontratistas del negocio exento. Posteriormente, en 1996, la Ley 212, 13 L.P.R.A. sec. 10040 (Supl. 1999), enmendó esta Sec. 3 a los fines de disponer como sigue (el texto tachado corresponde al texto eliminado por la nueva ley y el subrayado es el texto añadido):

*"(a) Exención de Patentes, arbitrios y otras Contribuciones Municipales. - Los negocios exentos gozarán de sesenta por ciento (60%) de exención sobre las patentes, arbitrios y otras contribuciones municipales impuestas por cualquier ordenanza municipal, durante los períodos dispuestos en el [inciso] apartado (d) de esta sección. [Los negocios exentos estarán totalmente exentos sobre dichas contribuciones durante el período que autorice el decreto de exención contributiva para que se lleve a cabo el establecimiento del negocio exento.] La porción tributable bajo este apartado estará sujeta, durante el término del decreto, al tipo contributivo que esté vigente a la fecha de la firma del decreto. Los negocios exentos y sus contratistas y subcontratistas estarán totalmente exentos de cualquier contribución, impuesto, derecho, licencia, arbitrio, tasa, o tarifa impuesta por cualquier ordenanza municipal sobre la construcción de obras a ser utilizadas por el negocio exento dentro de un municipio, durante el término que autorice el decreto de exención contributiva."* (Enfasis nuestro.)

De estas disposiciones, surge claramente que la Ley 8 estableció unas exenciones para el pago de patentes, arbitrios y contribuciones municipales para los negocios exentos. Sin embargo, el texto original de la Ley 8 nada expresaba sobre los contratistas y subcontratistas que trabajasen en la construcción de obras utilizadas por el negocio exento. En el año 1996, la Ley 212 enmendó la Ley 8 a los fines de reconocer una exención contributiva para los contratistas y subcontratistas de los arbitrios impuestos por ordenanza municipal sobre una construcción cuando la obra realizada vaya a ser utilizada por un negocio exento dentro de un municipio y durante el término que autorice el decreto de exención contributiva. No obstante, la Ley 212 no señala que dicha enmienda aplicará retroactivamente.

El Municipio de Vega Baja sostiene que la Ley 212 no tiene efecto retroactivo. Dicho municipio alega que conforme al Art. 3 del Código Civil, para que una ley tenga tal alcance es necesario que lo disponga expresamente y ello no consta en el estatuto. No tiene razón.

El Art. 3 del Código Civil es sólo una norma general de interpretación de estatutos. No es un principio de aplicación absoluta. *Vélez v. Srio. de Justicia,* 115 D.P.R. 5330 542 (1984); *Warner Lambert Co. v. Tribunal Superior,* 101 D.P.R. 378, 385 (1973). Por tal razón, cuando la Asamblea Legislativa no ha expresado su intención en forma expresa dicha regla no debe ser seguida ciegamente, haciendo caso omiso de los factores que puedan dar luz sobre la intención legislativa. *Díaz v. Srio. de Hacienda,* 114 D.P.R. 865, 872 (1983). Sobre este particular en *J.R.T. v. A.E.E.,* 133 D.P.R. ___ (1993), **93 J.T.S. 49,** a la pág. 10563, el Tribunal Supremo resolvió que aunque en una ley no se haya dispuesto expresamente el efecto retroactivo de la misma, procede su aplicación retroactiva cuando dicha interpretación resulta la más razonable de acuerdo al propósito legislativo. Por tal razón, es necesario determinar cuál fue la intención legislativa respecto a la Ley 212.

El medio más eficaz y universal para descubrir el verdadero sentido de una ley cuando sus expresiones son dudosas, es considerar la razón y espíritu de ella, o la causa o motivos que indujeron al poder legislativo a dictarla. Art. 19 del Código Civil, 31 L.P.R.A. sec. 19. La exposición de motivos de la Ley 212 señala que por motivo del sinnúmero de controversias que han surgido entre los concesionarios y los municipios, el legislador quiso aclarar que la exención de contribuciones municipales sobre la construcción de obras a ser dedicadas a una actividad exenta se extiende a los contratistas y subcontratistas del negocio exento.

La exposición de motivos de la referida ley también demuestra que la Ley de Incentivos Contributivos de 1987 ha sido una herramienta útil para la atracción de inversión en la manufactura en Puerto Rico. Con ese propósito resulta ilógico pensar que al otorgarle una exención contributiva a los negocios dedicados a actividades exentas por ley, como lo es Warner Lambert, se le imponga indirectamente el cobro de lo que el legislador intentó relevarle desde sus inicios. Es decir, a través de la Ley 8 y del decreto de exención contributiva, Warner Lambert quedó exonerado del pago de arbitrios municipales impuestos por ordenanza municipal. No obstante, al imponer el cobro de arbitrios por concepto de construcción mediante la Ordenanza 63, el Municipio de Vega Baja le está imponiendo indirectamente a Warner Lambert arbitrios que el legislador le eximió de pagar.

Aunque el Municipio de Vega Baja alegó que en todo momento le ha requerido el pago de los arbitrios a los contratistas y no a Warner Lambert, el efecto de la imposición de los arbitrios por concepto de construcción recae en el negocio exento. Cabe señalar que de obtener el pago de tales arbitrios de los contratistas, como pretende el municipio, éstos transferirán tal costo del precio a ser pagado por Warner Lambert por la obra de construcción de los proyectos en sus facilidades. Es razonable inferir que al tratarse de obras de construcción es de esperar que Warner Lambert, una compañía que se dedica a la manufactura, tenga que contratar a otro para que las realice. Por tal motivo, la exención que cobija a los negocios exentos bajo la Ley 8 debe extenderse a sus contratistas o subcontratistas. De lo contrario, la exención contributiva que otorgó la Ley 8 no surtiría efecto.

Como mencionamos anteriormente, a raíz del sinnúmero de controversias que han surgido entre los concesionarios y los municipios, el legislador quiso aclarar que la exención de contribuciones municipales sobre la construcción de obras a ser dedicadas a una actividad exenta se extiende a los contratistas y subcontratistas del negocio exento. Esto es indicativo que la ley fue diseñada con el propósito específico de resolver situaciones como la presente. Por lo tanto, de la exposición de motivos de la Ley 212 podemos inferir que el legislador le otorgó vigencia retroactiva a los contratos existentes a la fecha de la vigencia de la referida ley. Consideramos que conferirle sólo efecto prospectivo a la Ley 212 a base de una interpretación mecánica del Art. 3 del Código Civil, como pretende el Municipio de Vega Baja, sería contrario al propósito manifiesto del legislador. *Warner Lambert Co. v. Tribunal Superior.* En efecto, estaríamos derrotando el propósito único y específico de esta ley.

Por los fundamentos anteriormente expuestos, concluimos que la Ley 212 es de implantación retroactiva. Por tanto, conforme a dicho estatuto, tanto Warner Lambert está exenta del pago de arbitrios de construcción municipales como también lo están los contratistas y subcontratistas que ella contrate para llevar a cabo las

construcciones que aquí nos ocupan.

Con estos antecedentes, se confirma la sentencia apelada.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General