<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XII</td></tr>
<tr>
<td>OFICINA INDEPENDIENTE DE PROTECCIÓN AL CONSUMIDOR EN REPRESENTACIÓN DEL CONSUMIDOR IVÁN NEGRÓN RAMOS<br><br>Parte Recurrida<br><br>v.<br><br>LUMA ENERGY LLC/LUMA ENERGY SERVCO, LLC.<br><br>Parte Recurrente</td>
<td>TA2025RA00296</td>
<td>Revisión Judicial de Decisión Administrativa procedente de la Junta Reglamentadora de Servicio Público Negociado de Energía de Puerto Rico<br><br>Caso núm.: NEPR-QR-2025-0229<br><br>Sobre: Incumplimiento con la ley de transformación y alivio energético, Ley 57-2014, según enmendada, y la ley de política pública energética, Ley Núm. 17-2019</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 5 de noviembre de 2025.

La parte recurrente, LUMA ENERGY LLC/LUMA ENERGY SERVCO, LLC (LUMA), comparece ante nos mediante recurso de revisión judicial y solicita que revoquemos la *Resolución Interlocutoria y Orden* emitida el 15 de agosto de 2025 por el Negociado de Energía de Puerto Rico (NEPR o Negociado). En esta, el Negociado declaró No Ha Lugar la solicitud de desestimación presentada por LUMA y le concedió un término para presentar su alegación responsiva respecto a la querella presentada por la Oficina Independiente de Protección al Consumidor (OIPC o recurrida).

Debido a que la *Resolución Interlocutoria* y *Orden* recurrida **no** es un dictamen final, sino interlocutorio, desestimamos el recurso por falta de jurisdicción.

## I.      Trasfondo fáctico y procesal

El 27 de junio de 2025, la OIPC, en representación del Sr. Iván Negrón Ramos, presentó ante el Negociado una querella[1] sobre incumplimiento con la *Ley de Política Pública Energética de Puerto Rico*[2] en contra de LUMA. La OIPC acreditó[3] haber notificado la querella y citación a LUMA vía correo electrónico, conforme establece la Sección 3.2-A[4] de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU)[5]. El 22 de julio de 2025, la OIPC le solicitó al Negociado la anotación de rebeldía a LUMA por no haber presentado su alegación responsiva[6]. El 30 de julio de 2025, el Negociado emitió una *Orden*[7] a LUMA para que mostrara causa por la cual no debía anotársele la rebeldía y continuar los procedimientos en su ausencia.

El 11 de agosto de 2025, LUMA presentó *Moción en Cumplimiento de Orden de Mostrar Causa y en Solicitud de Desestimación*, en la que expuso que el *Reglamento de Procedimientos Adjudicativos, Avisos de Incumplimiento, Revisión de Tarifas e Investigaciones* (Reglamento 8543) no había sido enmendado conforme dispone el Artículo 2 de la Ley Núm. 16-2025. Al respecto, alegó que la Sección 3.05 del Reglamento 8543 establece que la notificación de querellas mediante las cuales se inicia un procedimiento adjudicativo debe efectuarse mediante correo

---

[1] Apéndice del recurso, págs. 13-14.
[2] Ley Núm. 17-2019, según enmendada. 22 LPRA § 1141 *et seq.*
[3] Apéndice del recurso, págs. 13-15.
[4] En virtud de la Ley Núm. 16 del 14 de mayo de 2025 (Ley Núm. 16-2025), se añadió la Sección 3.2-A a la Ley 38-2017, *"A los fines de disponer que las querellas, peticiones o solicitudes,* **así como notificaciones** *en los procedimientos adjudicativos,* **podrán realizarse por correo electrónico o cualquier otro medio electrónico accesible a la ciudadanía,** *considerándose como documentos certificados por la agencia que los reciba o emite, respectivamente…".*
[5] Ley Núm. 38-2017, según enmendada. 3 LPRA § 9601 et seq.
[6] *Íd.*, págs. 16-18.
[7] *Íd.*, pág. 19.

certificado. Por lo tanto, argumentó que debido a que la OIPC le notificó la querella por correo electrónico, en vez de correo certificado según dispone el Reglamento 8543, la notificación no fue adecuada y procedía la desestimación de la querella.

El 15 de agosto de 2025, el Negociado emitió la *Resolución Interlocutoria y Orden* que nos ocupa. En cuanto a la notificación de la querella, la Oficial Examinadora expuso que la Ley Núm. 16-2025 añadió la Sección 3.2-A a la LPAU, con el fin de que las agencias implementen el uso de tecnología en los procesos adjudicativos, tales como la presentación de querellas, peticiones y otros, así como las notificaciones que deban realizarse en dichos procedimientos. En ese sentido, destacó que la referida sección establece que "las notificaciones que se expidan en los procedimientos adjudicativos por correo electrónico o cualquier otra herramienta tecnológica, se considerarán como documentos certificados en su recibo o emisión por la agencia correspondiente". A lo anterior, añadió que,

> Dado que los reglamentos de las agencias deben estar dentro de los límites de la ley que los autoriza, en la medida que un reglamento entra en conflicto con su ley habilitadora o con la LPAU, *supra*, deberá prevalecer la ley. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018).

En fin, la Oficial Examinadora dio por cumplida la notificación de la querella y citación a LUMA y denegó la solicitud de desestimación solicitada por esta. Por otro lado, ante el hecho de que la enmienda incorporada a la LPAU fue reciente, la Oficial Examinadora le concedió un término a LUMA para presentar su alegación responsiva.

Inconforme, el 4 de septiembre de 2025, LUMA solicitó reconsideración[8]. El 19 de septiembre de 2025, la OIPC presentó su oposición. El 24 de septiembre de 2025, el NEPR emitió *Orden*[9] en

---

[8] Apéndice del recurso, págs. 31-43.
[9] Íd., págs. 44-45.

la que denegó la solicitud de reconsideración y ordenó a LUMA presentar su alegación responsiva.

Aun insatisfecho, LUMA acude ante nos y formula el siguiente señalamiento de error:

> Erró el NEPR al denegar la solicitud de desestimación por falta notificación adecuada de la Querella, a pesar de no haberse perfeccionado su jurisdicción para atender el asunto.

## II.  Exposición del Derecho

## A.  Jurisdicción

La jurisdicción es el poder o autoridad que ostentan los foros adjudicativos para considerar y decidir los casos y las controversias ante su atención.[10] Es norma reiterada que los entes judiciales o administrativos deben ser celosos guardianes de su jurisdicción, ya que no tienen discreción para asumirla si no la hay. Por ello, **las cuestiones relativas a la jurisdicción son privilegiadas** y, como tal, deben atenderse y **resolverse con preferencia y prontitud**. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, el juzgador está compelido a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. Un dictamen emitido sin jurisdicción es nulo en Derecho y, por lo tanto, inexistente. Por ende, **una vez una agencia o un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación de la causa[11]**.

## B.  Jurisdicción del Tribunal de Apelaciones sobre decisiones administrativas

El Art. 4.002 de la Ley Núm. 201 de 22 de agosto de 2003,

---

[10] *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019).

[11] *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles, supra*, págs. 499-500; además, *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

según enmendada, *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*[12], dispone que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las **decisiones finales** de los organismos y agencias administrativas". (Énfasis nuestro)[13]. No obstante, aunque es necesario que la orden o resolución sea final para que sea susceptible de revisión por parte del Tribunal de Apelaciones, la Sección 4.3 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, según enmendada[14], dispone que el tribunal podrá relevar a un peticionario del requisito de agotar los remedios administrativos "cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa"[15]. En consonancia, nuestro Tribunal Supremo ha resuelto que **una situación clara de falta de jurisdicción de la agencia es una excepción a la norma de que sólo serán revisables ante el Tribunal de Apelaciones las resoluciones finales de una agencia administrativa**[16]. Ello así, ya que "[e]s innecesario e injusto requerirle a una parte que litigue si el organismo administrativo carece de jurisdicción con el solo fin de que se cumpla con el requisito de finalidad."[17]

Claro está, no necesariamente toda alegación de ausencia de jurisdicción tendrá el efecto de eximir a una parte de agotar los procedimientos ante una agencia administrativa, ni implicará una aplicación automática de la excepción[18]. El Tribunal Supremo de Puerto Rico ha opinado que "sólo en aquellos **casos en que la**

---

[12] 4 LPRA sec. 24 *et seq.*
[13] 4 LPRA sec. 24u; además, Art. 4.006 de la Ley Núm. 201-2003, 4 LPRA sec. 24y.
[14] 3 LPRA sec. 9601, *et seq.*
[15] 3 LPRA sec. 9673.
[16] *Comisionado Seguros v. Universal*, 167 DPR 21, 30 (2006).
[17] *Comisionado Seguros v. Universal, supra,* que cita a D. Fernández, *Derecho administrativo y Ley de Procedimiento Administrativo Uniforme*, 2da ed., Colombia, Ed. Forum, 2001, págs. 474-475; *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 492 (1997).
[18] *AAA v. UIA*, 200 DPR 903, 916-917 (2018); véase, además, *Comisionado Seguros v. Universal, supra,* págs. 30-31; *Colón Ventura v. Méndez*, 130 DPR 433, 444 (1992).

**agencia carece realmente de jurisdicción es que el proceso administrativo se convierte en final** porque en la agencia no quedan asuntos o controversias pendientes por dilucidar. Sólo entonces, el Tribunal de Apelaciones podría revisar el asunto interlocutorio"[19]. Ello así porque, ante una cuestión jurisdiccional, *"es a la propia agencia, salvo unas excepciones, a la que le corresponde hacer una determinación inicial de su propia jurisdicción"*[20]. Del mismo modo, corresponde a la parte que pretende acudir al foro judicial probar, **mediante hechos específicos y bien definidos**, que se debe prescindir de los remedios administrativos[21]. En armonía, el máximo foro ha adoptado tres criterios que se utilizarán ante un señalamiento de ausencia de jurisdicción de la agencia administrativa. En primer lugar, se debe considerar **el riesgo de que se ocasione un daño irreparable** si el tribunal pospone su intervención. En segundo lugar, debemos evaluar el **grado de claridad con que surja la carencia o tenencia de jurisdicción**. En tercer lugar, debemos considerar la **pericia de la agencia** para dilucidar las cuestiones jurisdiccionales[22].

### C. Ley Núm. 57 de 27 de mayo de 2014, *Ley de Transformación y Alivio Energético*

La Ley Núm. 57 de 27 de mayo de 2014, *Ley de Transformación y Alivio Energético[23]* (Ley Núm. 57-2014), propende a la creación e implementación de una reforma energética con un servicio eléctrico adecuado, confiable, seguro y eficiente.[24] Por virtud del estatuto, se creó el Negociado de Energía de Puerto Rico o NEPR (también conocido por la Comisión de Energía) como un ente

---

[19] (Énfasis nuestro). *AAA v. UIA, supra,* pág. 917.
[20] (Bastardillas en el original). *Id.*, que cita a *Colón v. Méndez, Depto. Recursos Naturales,* 13DPR 433, 444 (1992).
[21] *Procuradora Paciente v. MCS,* 163 DPR 21, 36 (2004).
[22] *AAA v. UIA, supra,* págs. 917-918.
[23] 22 LPRA sec. 1051 *et seq.*
[24] Art. 6.21 (a) de la Ley Núm. 57-2014, 22 LPRA sec. 1054t (a).

independiente especializado, encargado de reglamentar, supervisar y hacer cumplir la política pública energética del Gobierno de Puerto Rico.[25]

Entre otras competencias, el NEPR tiene **jurisdicción primaria exclusiva** sobre los casos y controversias en los que se plantee el incumplimiento con la política pública energética de Puerto Rico, así como los casos y controversias en los que se alegue algún incumplimiento de la AEE u otra compañía que provea servicios, con cualquiera de los mandatos establecidos en la Ley Núm. 83 de 2 de mayo de 1941, *Ley de la Autoridad de Energía Eléctrica de Puerto Rico[26]* y con cualquiera de los mandatos establecidos en la *Ley de Política Pública Energética de Puerto Rico[27]*, en relación con el servicio eléctrico o en relación con asuntos energéticos[28].

En lo aquí pertinente, el Artículo 6.18 de la Ley Núm. 57-2014, supra, establece que,

> El Negociado de Energía de Puerto Rico establecerá un **sistema de radicación electrónica** a través del cual las personas puedan acceder a un portal de Internet para presentar los documentos correspondientes para iniciar un caso ante el NEPR, las partes puedan presentar todos los escritos y documentos relacionados con el trámite procesal de sus casos, y el NEPR pueda notificar a las partes sus órdenes y resoluciones.

Por su parte, el Artículo 6.20 de la referida ley, dispone que,

> **Todos los procesos para los cuales esta Ley no provea disposiciones particulares, se regirán por la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". En virtud de ello, la citada Ley 38-2017 gobernará los procedimientos para la adopción de reglamentos, los procedimientos adjudicativos**, la revisión judicial, el procedimiento para la concesión de certificaciones, franquicias, querellas de usuarios y entre compañías de energía y los procedimientos para inspecciones.

> (Énfasis nuestro).

---

[25] Art. 1.3 de la Ley Núm. 57-2014 sec. 1051a (j).
[26] 22 LPRA sec. 191 *et seq.*
[27] 22 LPRA § 1141 *et seq.*
[28] Véase, Art. 6.4 (a) (3) (4) de la Ley Núm. 57-2014, 22 LPRA sec. 1054c (a) (3) (4).

En cuanto a la interpretación de la Ley 57-2014, *supra*, el Art. 6.38 dispone que sus disposiciones "serán interpretadas liberalmente para poder alcanzar sus propósitos, y donde quiera que algún poder específico o autoridad sea dada a la Comisión, la enumeración no se interpretará como que excluye o impide cualquier otro poder o autoridad de otra manera conferida a ésta"[29].

Conforme a lo antes expuesto, el Artículo 6.18 de la ley habilitadora del Negociado (Ley 57-2014), le encomendó establecer un sistema de radicación electrónica para poder iniciar casos, así como presentar documentos, escritos y notificaciones relacionados al trámite procesal de un caso ante el Negociado. Ante el hecho de que la herramienta tecnológica no era susceptible de implementación inmediata, el 19 de febrero de 2015, el Negociado emitió la *Orden* Asunto Número CEPR-MI-2015-0001 en la que estableció la presentación física de formularios, documentos y comparecencias, hasta tanto se lograra implementar el sistema de radicación electrónica[30]. Luego, el 15 de febrero de 2019, el Negociado emitió *Resolución y Orden* bajo el asunto número CEPR-MI-2015-0001 en la que adoptó e implementó el sistema de radicación electrónica a partir del 25 de febrero de 2019. En específico, el inciso (8) de la aludida resolución el Negociado dispone que a partir de dicha fecha "todo recurso, querella o escrito a ser presentado ante el Negociado de Energía podrá presentarse electrónicamente a través del portal cibernético http//www.radicacion.energia.pr.gov."[31]

### D. La Ley de Procedimiento Administrativo Uniforme y el Uso de Tecnología en los Procedimientos Adjudicativos

---

[29] 22 LPRA sec. 1054ll.

[30] Negociado de Energía, *Orden Núm. CEPR-MI-2015-0001, Instrucciones para la presentación de formularios, documentos y comparecencias* (19 de febrero de 2015).

[31] Negociado de Energía, *Resolución y Orden* Caso Núm. CEPR-MI-2015-0001, *Enmienda a las Instrucciones para la presentación de formularios, documentos y comparecencias* (15 de febrero de 2019). (Subrayado Nuestro).

En virtud de la Ley Núm. 16-2025, se añadió la Sección 3.2-A a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico con el fin de disponer que las querellas, peticiones o solicitudes, así como las notificaciones en los procedimientos adjudicativos, puedan realizarse vía correo electrónico o cualquier otro medio electrónico accesible a la ciudadanía. En lo aquí pertinente, la sección dispone que "las notificaciones que deben realizarse en los procedimientos adjudicativos conforme a las disposiciones de esta Ley, podrán realizarse mediante correo electrónico o cualquier herramienta tecnológica que desarrolle la agencia o el Gobierno de Puerto Rico, y que esté disponible al público libre de costo." *Íd.* Más adelante, establece que "[t]oda presentación de documentos de querellas, peticiones o solicitudes que realicen los ciudadanos, así como las notificaciones que se expidan en los procedimientos adjudicativos por correo electrónico o cualquier otra herramienta tecnológica, según dispuesto, **se considerarán como documentos certificados en su recibo o emisión por la agencia correspondiente.**"[32]

**III. Aplicación del Derecho a los Hechos**

En su recurso, LUMA alega que el Negociado erró al denegar la desestimación de la querella instada por OIPC. Lo anterior, porque entiende que la notificación de la querella no fue adecuada, lo cual, incide sobre la jurisdicción del Negociado. En primer lugar, destacamos que, el dictamen recurrido es interlocutorio. Ahora bien, ante el hecho de que el planteamiento de la recurrente versa sobre la alegada falta de jurisdicción del Negociado, como foro apelativo nos vemos compelidos a examinar si, en efecto, estamos ante un caso de clara de falta de jurisdicción de la agencia que nos permita,

---

[32] *Íd.* (Énfasis nuestro). Por su parte, El Artículo 2 de la Ley 16-2025, dispuso que "las agencias adoptarán, enmendarán o sustituirán la reglamentación que sea necesaria para el cumplimiento de las disposiciones de esta Ley dentro de los noventa (90) días contados a partir de su aprobación".

vía excepción, revisar la determinación interlocutoria aquí recurrida. Luego de evaluar el recurso, así como el dictamen impugnado, concluimos que no estamos ante una situación de clara falta de jurisdicción de la agencia que nos faculte a revisar el dictamen interlocutorio.

La notificación de la querella a LUMA vía correo electrónico no afecta la jurisdicción del Negociado, pues desde su creación bajo la Ley 57-2014, este debía establecer un sistema de radicación electrónica. Así, tanto de la ley habilitadora como de las órdenes administrativas emitidas por el Negociado <u>desde el año 2019</u>, se promovía el uso de la tecnología en el trámite de los procesos adjudicativos. Por consiguiente, la recién añadida Sección 3.2-A de la LPAU, complementa[33] y armoniza lo ya estatuido/promovido por el Negociado a través de sus resoluciones y órdenes administrativas, así como en virtud de su ley habilitadora y demás estatutos aplicables. Por ende, **como no estamos frente a un caso de clara falta de jurisdicción**, el dictamen interlocutorio aquí impugnado no es revisable por este foro apelativo, pues nuestra jurisdicción como cuestión de derecho, es sobre las decisiones <u>finales</u> de los organismos y agencias administrativas. En vista de lo anterior, procede la desestimación del presente recurso, por falta de jurisdicción.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, desestimamos el recurso por falta de jurisdicción.

---

[33] Conforme resuelto por el Tribunal Supremo de Puerto Rico, [l]os tribunales no deben perder de perspectiva que "un reglamento promulgado para implantar la ejecución de una ley puede complementarla, pero no estar en conflicto con ésta". Si el reglamento está en conflicto con la ley habilitadora que permite y promueve su creación, la disposición reglamentaria tiene que ceder ante el mandato legislativo. *Pérez v. Com. Rel. Trab. Pub.*, 158 DPR 180 (2002), citando a *P.S.P. v. Com. Estatal de Elecciones*, 110 DPR 400, 409 (1980); y a *Díaz v. Srio. de Hacienda*, 114 DPR 865, 874 (1983).

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones